IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE,**                    **PLAINTIFFS**
**CHYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                            No. 6:20-cv-6145-SOH

**DALE E. KLOSS**                                        **DEFENDANT**

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

### I.    INTRODUCTION

Defendant Dale E. Kloss ("Defendant") operates a night club called "French Quarter" in Hot Springs. Plaintiffs worked as Dancers at French Quarter. They allege that Defendant has a uniform policy and practice of improperly paying his Dancers in violation of the Fair Labor Standards Act ("FLSA"), including not paying them proper minimum and overtime wages. Accordingly, Plaintiffs request that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiffs request approval of their practical, common-sense plan for facilitating notice to potential class members. Because the clock is running against all potential opt-ins, Plaintiffs request expedited review of their Motion as described below.

**Page 1 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

## II.   ARGUMENT

### A.   This Court Should Conditionally Certify the Proposed Collective Action for Notice Purposes.

This Court should conditionally certify the proposed collective action for notice purposes. Section 1 below explains legally what conditional certification in an FLSA case means, what Plaintiffs must prove in order to have this case conditionally certified as a "collective action," and why early certification and notice to the putative class is important. Section 2 describes how and why Plaintiffs have met the lenient standard for conditional certification of a collective action in this stage of the case.

1. <u>Plaintiffs may obtain conditional certification of a collective upon a modest factual showing that she is "similarly situated" to the other proposed collective members.</u>

In addition to suing on her own behalf, Plaintiff may obtain early conditional certification of a collective action if she makes a modest factual showing that she is "similarly situated" to other collective members. Section 216(b) of the FLSA states as follows: "An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

Such actions are referred to as "collective actions," and a majority of courts have adopted a two-tiered approach to certification of collective actions.[1] *See McQuay v. Am.*

---

[1]   A "collective action" differs from a Rule 23 class action in several respects. In a Rule 23 <u>class</u> action, "a putative class acquires an independent legal status once it is certified . . . . Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) and 29 U.S.C. § 216(b)). In other words,

**Page 2 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

*Int'l Group*, No. 4:01-cv-661-BRW, 2002 U.S. Dist. LEXIS 21307, at *5 (E.D. Ark. Oct. 28, 2002) (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995)); *Turner v. Concentrix Servs.*, No. 1:18-cv-1072-SOH, 2020 U.S. Dist. LEXIS 16785, at *8 (W.D. Ark. Feb. 3, 2020) (noting that the two-tiered approach is the "prevailing approach").

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage") and then a second opportunity to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. This two-step certification inquiry is described in *Mooney* as follows:

> The first determination is made at the so-called "notice-stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the Defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original Plaintiffs—proceed to trial on their individual claims.

54 F.3d at 1213–14. Courts in the Eastern and Western Districts of Arkansas have followed the two-tiered approach outlined in *Mooney. See, e.g., Carter v. Pathfinder, Inc.*,

---

one must "opt in" to an FLSA collective action, whereas in a Rule 23 class action class members are part of the lawsuit unless they "opt out."

**Page 3 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

No. 4:17-cv-459-JM, 2018 U.S. Dist. LEXIS 222554, at *2 (E.D. Ark. Sep. 11, 2018); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *2–3 (E.D. Ark. Oct. 18, 2012); *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003).

At the notice stage, a court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. The Court also refrains from making credibility determinations or resolving contradictory evidence. *Id.* The plaintiff's burden is "lenient" and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Freeman*, 256 F. Supp. 2d at 941.

Not only is fact finding as to the merits inappropriate at the notice stage, but so is fact finding as to the issue of whether the plaintiff and other collective members are similarly situated. *See Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. (stating that courts do not *resolve contradictory evidence*); *see also generally, Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008). In *Longcrier v. HL-A Co., Inc.*, six plaintiffs in the Southern District of Alabama moved to certify a class consisting of all hourly employees who were employed by defendant in various capacities at its automobile parts manufacturing facility at any time during the three years preceding the filing of the complaint. 595 F. Supp. 2d 1218, 1220–21 (S.D. Ala. 2008). Even with so broad a proposed class, the court granted plaintiffs' motion for certification and court-approved notice. *Id.* at 1242.

**Page 4 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

The defendant in *Longcrier* argued that the plaintiffs were not "similarly situated" because the hourly positions held by class members covered a wide range of job titles, duties, pay ranges, and supervisors. *Id.* at 1238. Over the defendant's objections, the court held that plaintiffs' declarations and complaint allegations amounted to a substantial showing that all defendant's nonexempt employees were treated similarly and were subject to the same pay practices and policies with regard to "off-the-clock" work, rounding hours, and unpaid work during meal breaks. *Id.*

Importantly, the court further explained how factual disputes over the "similarly situated" requirement should be resolved at the second stage:

> At most, Defendant's evidence may create disputes of fact as to whether all hourly employees are or are not subject to the same policies. Those factual disputes may properly be addressed after discovery at the second stage of the FLSA collective action process . . . , but they do not constitute a valid basis for denying conditional class certification today.

*Id.* (citing *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006) (explaining that it would be improper to engage in fact-finding to determine conclusively whether the putative plaintiffs are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional class certification inquiry)).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) ("At the notice

Page 5 of 20
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Motion for Conditional Certification

stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); *Craven v. Neeley's Serv. Ctr.*, No. 4:19-cv-4115-SOH, 2020 U.S. Dist. LEXIS 74112, at *7-8 (W.D. Ark. Apr. 28, 2020) (certifying a collective based on a single declaration).

Further, a plaintiff need not show that his position is identical to the putative collective members' positions, only that his position is similar to those of the absent collective members. *Freeman*, 256 F. Supp. 2d 941 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). The "similarly situated" determination requires only a modest factual showing. *Perez-Benites v. Candy Brand, LLC*, No. 07-cv-1048, 2008 U.S. Dist. LEXIS 91402, at *3 (W.D. Ark. Oct. 31, 2008). A plaintiff may satisfy the similarly situated requirement by showing that the plaintiff and members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith v. Frac Tech Services, Ltd.*, 4:09-cv-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *13 (E.D. Ark. Nov. 24, 2009) (citing *Resendiz-Ramirez,* 515 F. Supp. 2d at 937); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007); *see also Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (First-round "similarly situated" determination "requires nothing more than substantial allegations that the class members were together the victims of a single decision, policy, or plan.").

Notably, several district courts in Arkansas have granted conditional certification of a collective of employees against defendants when only one plaintiff appeared at the

**Page 6 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

beginning of the case. The Honorable Leon Holmes granted conditional certification in a single-plaintiff case, holding that "[t]he undersigned does not require plaintiffs in a Fair Labor Standards Act case to establish that other potential class members desire to opt in." *Adams et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, 2017 U.S. Dist. LEXIS 177470 at *3-4 (E.D. Ark. Dec. 28, 2016). Similarly, in *Harrison v. Hog Taxi, LLC*, the Honorable Timothy L. Brooks rejected an argument that a plaintiff should be required to demonstrate that others wanted to opt into a putative collective action, finding that "such a requirement at this first stage of certification is not appropriate." No. 5:19-CV-05025, 2019 U.S. Dist. LEXIS 153980, at *10 (W.D. Ark. Sep. 10, 2019).  It simply is not required that there be more than one plaintiff to initiate a conditional collective action under Section 216 of the FLSA. Indeed, the purposes of the certification process are best served when one or a few vocal employees assert rights on behalf of the larger group against the defendant.

In general, the benefits of the two-tiered approach from *Mooney* are best realized when certification and notice are granted as soon as possible at the beginning of the case, prior to discovery. The decertification stage mitigates the breadth and leniency of the first stage by allowing for decertification if it turns out, after discovery is completed, that the class is not sufficiently similar to allow for an efficient adjudication of material, common issues and facts.

2. <u>This Court should conditionally certify the collective proposed by Plaintiffs.</u>

This case is at the notice stage and as such is subject to the lenient standard based solely on pleadings and affidavits. The pleadings and attached exhibits contain an abundance of information supporting Plaintiffs' claims that there are other individuals

**Page 7 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

similarly situated. Plaintiffs represent a class of employees who worked as Dancers for Defendant during the relevant time period. Every Dancer's relationship with Defendant was subject to Defendant's universal practices, which violated the FLSA, among other laws.

Defendant operates a night club called French Quarter in Hot Springs. Ex. 7, Declaration of Mattie Powell ¶ 3; Ex. 8, Declaration of Chyenne Kimbrell ¶ 3; Ex. 9, Declaration of Alexandria Parker-Shipman ¶ 3; Ex. 10, Declaration of Tatiana Sandoval ¶ 3; Ex. 11, Declaration of Taylor Smith ¶ 3 (collectively "All Decs."). Defendant employs Dancers, whose primary job duties are dancing on-stage during the stage rotation ("stage dances") and performing personal dances for customers called "lap dances." All Decs. at ¶ 5. Plaintiffs worked as Dancers within the three years preceding the filing of this lawsuit. *Id*. at ¶ 4. Plaintiffs estimate that Defendant has employed at least fifty (50) Dancers since December 8, 2017. *Id*. at ¶ 13.

The club was generally open from 7:00 PM to between 2:00 AM and 4:00 AM on weeknights and from 7:00 PM to between 4:00 AM and 6:00 AM on weekends, but Plaintiffs and other Dancers were required to stay as long as there were paying customers. *Id*. at ¶ 7. Plaintiffs and other Dancers worked at least thirty (30) hours per week. *Id*. at ¶ 7. Defendant did not pay Plaintiffs and other Dancers an hourly wage; instead, Plaintiffs and other Dancers were paid solely in tips. *Id*. at ¶ 9. Furthermore, Plaintiffs and other Dancers were not allowed to keep all the tips they earned. *Id*. at ¶ 10. They were required to pay a complicated scheme of shift fees each night that they worked, including paying 10% of their total earnings to the club manager plus 40% of their tips to Defendant. *Id*. at ¶ 10.

**Page 8 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

Defendant classified Plaintiffs and other Dancers as "independent contractors." *Id*. at ¶ 11. However, Plaintiffs and other Dancers were not allowed to decline assignments, such as refusing to dance for a customer whom they found personally objectionable; they were required to be available to work at certain, pre-arranged times; they were not allowed to leave work until Defendant said they could leave; they did not have the opportunity to negotiate their pay with Defendant; they had no input in setting prices for Defendant's customers; and they were required to dress according to Defendant's dress code. *Id*. at ¶ 11. Defendant had total control over almost every aspect of Plaintiffs' and other Dancers' employment. *Id*. at ¶ 11.

Based on their experiences and their interactions with Defendant, Plaintiffs believe that other Dancers would join if notice were sent to them. *Id*. at ¶ 15.

In sum, Plaintiffs and the collective members were all subject to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiffs. Moreover, the exploitation of dancers through FLSA misclassification is endemic in the night club industry and is a subject of frequent litigation. "[T]he vast majority of the district courts . . . have considered whether exotic dancers are employees or independent contractors have found them to be employees." *Gardner v. Country Club, Inc*., 2015 U.S. Dist. LEXIS 162009 (D.S.C. Dec. 3, 2015) (collecting cases). Giving all of Defendant's dancers an opportunity to assert their rights in a single lawsuit will further the goals of the FLSA and conserve judicial resources. For all of these reasons, this Court should certify the proposed collective proposed by Plaintiffs and make appropriate orders for notice.

**Page 9 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

**B.**    **This Court Should Approve Plaintiffs' Proposed Collective Action Notice and Consent Forms, Grant Leave for Plaintiffs to Send Notice through Mail and Text Message, and Order Defendant to Provide Contact Information for Potential Opt-Ins.**

If this Court grants conditional certification for notice purposes, this Court will need to make decisions about how to facilitate notice. Accordingly, Plaintiffs request that this Court exercise its broad discretion and approve Plaintiffs' proposed collective action Notice and Consent to Join forms, grant leave for Plaintiffs to send notice through mail and text message, and order Defendant to provide relevant contact information for potential opt-ins.

1. <u>This Court Has Broad Discretion to Issue Orders that Facilitate Early Notice to Potential Members of the Collective Action.</u>

A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. *See, e.g.*, *id.*; *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case. . . . At this stage of the litigation, justice is most readily

**Page 10 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

> 2. This Court Should Exercise its Broad Discretion to Approve Plaintiffs' Proposed Notice and Consent Forms for Distribution, to Approve Plaintiffs' Proposed Means of Distribution, and to Order Defendant to Provide Contact Information of Putative Class Members.

In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173 (1989); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015). Accordingly, Plaintiffs ask the Court to approve the proposed notice to be sent to all Dancers employed by Defendant within three years prior to the filing of the Original Complaint in this action.

> i. *This Court should approve Plaintiffs' proposed collective action notice to facilitate early notice of this case to potential opt-in plaintiffs.*

This Court should approve Plaintiffs' proposed collective action notice. Plaintiffs ask this Court for approval to send notice to all individuals who worked as Dancers for Defendant at any time after December 8, 2017, which includes the three years preceding the filing of Plaintiffs' Original Complaint. This captures every Dancer for Defendant who could potentially fall within the maximum three-year statute of limitations under the FLSA. Furthermore, this keeps the door open for this Court to grant equitable tolling to some or all potential plaintiffs if the facts support it.[2] To implement notice, Plaintiffs request

---

[2] The doctrine of equitable tolling can, under the right circumstances, toll the statute of limitations in FLSA cases. *See, e.g., De Lopez v. Ozark Mt. Poultry, Inc.*, No. 5:13-CV-05272, 2014 U.S. Dist. LEXIS 201949, at *12-13 (W.D. Ark. June 17, 2014) (granting equitable tolling where there was a long period of time between filing of motion for collective action and the order granting the motion); *Whitworth v. French Quarters Partners, LLC*, No. 6:13-CV-6003, 2013 U.S. Dist. LEXIS 202768, at *10 (W.D. Ark. July 31, 2013) (granting equitable tolling where plaintiff exotic dancers undisputedly asserted that the employer misinformed plaintiffs that they were independent contractors and failed to post required information on

Page 11 of 20
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Motion for Conditional Certification

approval of the proposed notice-related documents, method of distribution, and 90-day opt-in period, as set forth below.

This Court should approve Plaintiffs' proposed collective action Notice, (Exhibit 1) and Consent to Join forms (Exhibits 2 and 4) to be sent via U.S. Mail and text message link as well as the proposed text for the electronic transmission of these items (Exhibit 3). Plaintiffs' proposed Notice provides readers with an accurate description of this lawsuit, their legal rights, and the process for participating in the case. It should be approved. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172, 174 (1989) (explaining that employees should receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and that notice should "respect judicial neutrality . . . tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action").

> ii.    This Court should approve Plaintiffs' proposed procedure for distributing the Notice and Consent form via text message link and for obtaining electronic signatures.

There is good reason to use electronic distribution methods for collective action notice in addition to regular mail. U.S. Mail delivery problems are unavoidable in collective actions. *See* Ex. 6, Decl. of Josh Sanford ("Sanford Decl."), ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of classes from joining collective actions when they in fact wanted to join. *See id*. Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *Id*. at ¶ 8.

---

wage and hour laws); *see also Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169 (6th Cir. 2008); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 U.S. Dist. LEXIS 38511 (W.D. Ark. May 25, 2007); *Chao v. Va. Dept. of Transp.*, 291 F.3d 276 (4th Cir. 2002); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir. 1981). Indeed, courts have held that the equitable tolling doctrine "is read into every federal statute of limitation." *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).

Page 12 of 20
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Motion for Conditional Certification

Not only are notices lost going to class members, but they have also been lost after having been signed and mailed back to the Sanford Law Firm. *Id*. at ¶¶ 9–13. In other cases, Plaintiffs' counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notices. *Id*. at ¶ 11. Plaintiffs' counsel has also received undeliverable envelopes as many as 1,010 days after their original mailing. *Id*. at ¶ 13.

Using text messaging to distribute notice alleviates many of the problems presented by sending notice only by U.S. Mail.  Electronic communication is already a common, appropriate, and efficient manner of communicating with plaintiffs and class members and is widely used in conjunction with traditional mailing. *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted). Electronic distribution of collective action notices is "in line with the current nationwide trend." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015).  As one court has aptly said, "Email is not the wave of the future; [it] is the wave of the last decade and a half." *Gronefeld v. Integrated Prod. Servs., Inc.*, No. 5:16-CV-55, 2016 U.S. Dist. LEXIS 192476, at *17-18 (W.D. Tex. Apr. 26, 2016).

Not surprisingly, then, courts permit dissemination of collective action notice via email or text message under a variety of circumstances and for a variety of reasons. *See e.g.*, *Irvine v. Destination Wild Dunes Mgmt.*, 132 F. Supp. 3d 707 (D.S.C. 2015).[3] The *Irvine* court approved of three methods of distributing notice, stating:

---

[3]     *See also Vasto v. Credico (USA) LLC*, 2016 U.S. Dist. LEXIS 60158 (S.D.N.Y. May 5, 2016); *Martin v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016); *Dempsey v. Jason's Premier Pumping Servs., LLC*, No. 15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322 (D. Colo. Nov. 11, 2015); *Eley v. Stadium Grp., LLC*, 2015 U.S. Dist. LEXIS 126184 (D.D.C. Sept. 22, 2015);

**Page 13 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d at 711. *See also Bradley v. Crittenden County*, No. 3:18-cv-29-DPM, 2018 U.S. Dist. LEXIS 188771, at *3 (E.D. Ark. Oct. 5, 2018) (approving "Notice via mail, e-mail, and text message").

Further, unlike traditional mail, electronic messages do not get "lost in the mail." Smart phones are portable, even more readily portable than most laptop computers, and they can be checked from virtually any location, often regardless of wireless internet access. Mobile phones are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same cell phone number. All of these facts increase the likelihood that notice will actually be received by the putative collective member. In this way, the combination of traditional and electronic mailing methods "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12.

To facilitate notice via text message, this Court should approve of Plaintiff's proposed procedure for disseminating notice by text message, which is simple and easy for the Court to monitor. First, Plaintiff's counsel would be responsible for sending a text

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-3624-RJS, 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015).

**Page 14 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

message to cell phone numbers for the putative class members provided by Defendant. Exhibit 3 contains the language that Plaintiff proposes for the text message to be sent to putative class members.

When the putative class member clicks on the link in the text message, he or she will be taken to a website containing electronic copies of the court-approved Notice (Exhibit 1) form and Electronic Consent to Join (Exhibit 4). From the website, putative class members can print the Notice or read it in electronic form. Putative class members who wish to join the lawsuit can then choose to print, sign and return a paper copy of the Electronic Consent to Join form or electronically sign the form using DocuSign or an equivalent electronic signature service.[4] This is similar to the process used in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No. 15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4-5 (D. Colo. Nov. 11, 2015). As with mailed Notice, Plaintiff requests a ninety-day period in which to file Consents to Join submitted electronically by putative class members.

> iii.   *This Court should allow a ninety-day opt-in period.*

Plaintiffs request a period of ninety (90) days during which to distribute notice and file opt-in plaintiffs' consent forms with the Court. "Notice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Turner*, 2020 U.S. Dist. LEXIS 16785, at *27 (granting a ninety-day opt-in period);

---

[4]   More information about DocuSign is available at https://www.docusign.com. Many courts have already approved of the use of electronic signatures generally. *See Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *23 (W.D. Ark. Feb. 3, 2020); and *Berry v. Razor's Edge Pizza, Inc.*, No. 4:19-cv-6-JM, 2019 U.S. Dist. LEXIS 221296, at *6-7 (E.D. Ark. Sep. 13, 2019); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015).

**Page 15 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

*Teramura v. Walgreen Co.*, No. 5:12-cv-05244-JLH, 2013 U.S. Dist. LEXIS 196027, *11 (W.D. Ark. Mar. 7, 2013) (same); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *10 (E.D. Ark. Oct. 18, 2012) (same). Many of the potential collective members may have current addresses and phone numbers that differ from Defendant's records, and a ninety-day (90) opt-in period will allow a reasonable time for Plaintiffs' counsel to deal with returned mail and get notices to their intended recipients.

> ### iv. This Court should approve of the sending of a Follow-Up Postcard via U.S. Mail thirty (30) days after Notice is sent.

Plaintiffs further request that this Court permit the sending of a follow-up Postcard (Exhibit 5) via U.S. Mail to potential opt-ins who did not respond within thirty days of sending Notice. The follow-up Postcard would be sent thirty days after the Notice is first distributed via U.S. Mail. Allowing Plaintiffs' counsel to send the follow-up Postcard provides a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, including ensuring that collective members whose consents to join were mailed (or electronically submitted) but not received are made aware of this fact. *See* Sanford Decl. ¶ 16. District courts in the Eighth Circuit regularly approve of this procedure.[5]

---

[5] *See, e.g.*, *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH, 2017 U.S. Dist. LEXIS 192345, at *12 (E.D. Ark. Nov. 21, 2017) (authorizing notice via mail, email, reminder postcard); *De Lopez v. Ozark Mt. Poultry, Inc.*, No. 5:13-cv-5272, 2014 U.S. Dist. LEXIS 201949, *12 (W.D. Ark. June 17, 2014) (granting leave to send follow up post card to class members who do not respond to written notice within thirty days); *Harger v. Fairway Mgmt.*, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016); *Woods v. Caremark PHC, LLC*, 2016 U.S. Dist. LEXIS 138021, *12 (W.D. Mo. Aug. 2, 2016); *Davis v. Bd. Of Trs. Of N. Kan. City Hosp.*, 2015 U.S. Dist. LEXIS 94325, *5-6 (W.D. Mo. July 21, 2015); *Ortiz-Alvarado v. Gomez*, 2014 WL 3952434, at *6 (D. Minn. Aug. 13, 2014); *Hussein v. Capital Bldg. Servs. Grp.*, 2015 U.S. Dist. LEXIS 157572 (D. Minn. Nov. 20, 2015) (authorizing notice via mail, posted notice, reminder letter and reminder email over the defendant's request that only one form of notice be provided); *Shoots v. iQor Holdings US Inc.*, 2015 U.S. Dist. LEXIS 141617, *71–73 (D. Minn. Oct. 19, 2015) (authorizing notice via mail, email and workplace posting, as well as a reminder notice); *Rhodes v. Truman Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 133281, *11–12 (W.D. Mo. Sept. 23, 2014) (authorizing notice via mail, email, and

Page 16 of 20
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

Follow-up notices contribute to dissemination among similarly-situated employees and serve what the Supreme Court in *Hoffmann-La Roche* recognized as Section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172.

> *v.    This Court should order Defendant to provide the names, last known mailing addresses, last known work and personal email addresses, and cell phone numbers in an electronically manipulatable format, such as Excel.*

To facilitate the sending of the Notice and Consent to Join, this Court should order Defendant to provide the names, last known mailing addresses and phone numbers, in an electronically manipulatable format such as Excel, for anyone who meets the class definition. In *Hoffmann-La Roche*, the Supreme Court held that it was appropriate for the district court to order disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Courts routinely grant disclosure of names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. *Id.*

Plaintiffs ask this Court to provide for the following information for each individual who meets the collective definition, no later than seven (7) days after entry of an Order certifying this case as a collective action: (1) names, including any aliases they may have gone by or go by now; (2) the last known mailing addresses for the time period covered by the collective definition; and (3) any and all phone numbers of which Defendant is aware. Plaintiffs ask for this order because this information is in Defendant's possession, not Plaintiffs', and this information is necessary to execute the notice plan proposed herein.

---

workplace posting, as well as a reminder postcard to "help ensure that all putative Plaintiffs are provided an adequate opportunity to 'opt in' to the action").

**Page 17 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

Finally, Plaintiffs request that this Court direct Defendant to provide the information requested above in a manipulatable electronic format such as Microsoft Word or Excel. Any other manner of providing the contact information will only result in unnecessary delay and expense.

### III.    EXPEDITED REVIEW REQUESTED

Plaintiffs further request expedited consideration of the certification motion and expedited production of information for notice. Plaintiffs in collective actions are entitled to such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470 at *3 ("Because this case needs to be expedited, the Court will not write a lengthy opinion discussing the law of conditional certification."). "[S]ending notice to potential class members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management." *Frye v. Baptist Mem'l Hosp. Inc.*, Case No. 07-2708, 2008 U.S. Dist. LEXIS 107139, at *12 n.4 (W.D. Tenn. Sept. 16, 2008); *see also Boudreaux v. Schlumberger Tech. Corp.*, CIVIL NO. 6:14-2267, 2015 U.S. Dist. LEXIS 22870, at *10 (W.D. La. Feb. 25, 2015); *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418, 422 (M.D. Ala. Oct. 30, 1981) (citing *Hoffman-La Roche*, 493 U.S. at 173).

### IV.    CONCLUSION

Plaintiffs' burden at this stage is lenient and easily met. Plaintiffs have made substantial allegations that show the similarities among all individuals who were Dancers for Defendant. For these reasons, this Court should conditionally certify this case as a collective action. To facilitate notice to the putative class members, Plaintiffs propose that the Court make the following reasonable, common-sense orders:

    (a) approve Plaintiffs' proposed collective action mail Notice and mail Consent to be sent via U.S. Mail to members of the putative collective;

**Page 18 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

(b) approve of Plaintiffs' proposed text message language to be sent to putative collective members via text;

(c) approve of Plaintiffs' proposed electronic version of the Consent to Join form;

(d) approve of the use of the internet link to electronic versions of the Notice and Consent to Join forms;

(e) approve of the use of an electronic signing platform such as DocuSign or HelloSign to facilitate electronic signature and submission of Consent to Join forms;

(f) allow an opt-in period of 90 days to begin 14 days after Defendant provides the contact information for the potential opt-in plaintiffs;

(g) approve of a Follow-Up Postcard via U.S. Mail to be sent to potential collective members who do not respond within 30 days of the sending of the Notice;

(h) order Defendant to produce names, addresses, email addresses, and any and all cell phone numbers for potential opt-in plaintiffs, in an electronically manipulatable format, such as Excel, within 7 days after entry of such an order.

All these steps are common-sense, practical solutions to give notice to potential plaintiffs to this lawsuit.

**Page 19 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**

Respectfully submitted,

**MATTIE POWELL, SAMANTHA HAYNIE, CHYENNE KIMBRELL, ALEXANDRIA PARKER-SHIPMAN, LANI POWELL, DESTINY RICHARDSON, TATIANA SANDOVAL, TAYLOR SMITH, and BRIANNA VENABLE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 20 of 20**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion for Conditional Certification**