**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MATTIE POWELL, SAMANTHA HAYNIE**
**CHEYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of All Others Similarly Situated**                    **PLAINTIFFS**

**VS.**                    **CASE NO. 6:20-CV-6145-SOH**

**DALE E. KLOSS**                    **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION TO COMPEL**
**ARBITRATION AND FOR A STAY OF LITIGATION**

This Court should compel Plaintiffs to arbitrate this case pursuant to the Federal Arbitration Act (the "FAA"). 9 U.S.C. §§ 1-16. The FAA applies to this dispute because "[t]he FAA applies to all agreements evidencing a transaction 'involving commerce,' 'even if the parties did not contemplate an interstate commerce connection.'" *Hughes v. Wet Seal Retail, Inc.*, No. 10-CV-05090, 2010 WL 4750216, at *4 (W.D. Ark. Nov. 16, 2010) (Dawson, J.) (citing *Terminis Int'l Co., LLC v. Trivitt*, 289 S.W.3d 485, 488 (Ark. Ct. App. 2008)).   Plaintiffs allege in their Complaint this case involves interstate commerce.

The FAA reflects a "liberal federal policy favoring arbitration agreements..." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Pursuant to that liberal policy, "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense of arbitrability." *Id*. at 24-25.

When parties to an action have a valid arbitration agreement between them and the claims at issue fall within the scope of that agreement, the FAA directs the Court to stay the action and order the parties to proceed to arbitration. 9 U.S.C. §§ 3, 4. By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis orig).

In deciding whether to enforce an arbitration agreement, courts generally engage in a two prong analysis: (1) whether a valid agreement to arbitrate exists between the parties, and (2) whether the specific dispute falls within the scope of that agreement. *See, e.g., Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001); *see also Northport Health Servs.*, 2014 WL 217893, at *4. Both prongs are satisfied here so the Court should compel arbitration.

As for the scope of the Agreement's arbitration clause, when a court interprets the scope of an arbitration provision, "due regard must be given to federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause must be resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) (internal quotations omitted).

The presumption of arbitrability "is particularly applicable where the clause [at issue] is...broad." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The clause in this case covers "***all claims and disputes arising under or relating to this Agreement...***" That is, no doubt, broad and encompasses any possible claims Plaintiffs may assert and all defenses Defendant may assert. Thus,

each of Plaintiffs' claims should be submitted to arbitration.

In light of the foregoing, this Court should stay Plaintiffs' claims against Defendant in favor of arbitration. Section 3 of the FAA requires courts to stay all aspects of litigation during the arbitration. See 9 U.S.C. § 3; see also *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (staying the entire action because the arbitrable and non-arbitrable claims involved common issues of law and fact that required the same witnesses and evidence).

Because the arbitration agreement controls the entirety of this dispute, the weight of authority also can support dismissal of the action following entry of an order compelling arbitration. See *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (holding that under a judicially-created exception to section 3 of the Federal Arbitration Act, a court may in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved by arbitration); *accord Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (8th Cir. 1988).

### **CONCLUSION**

For the reasons set forth above, any and all issues Plaintiffs may raise in their complaint concerning their status as employees or independent contractors, the conditions of their relationship with Defendant, the amount they were paid and the hours they worked, along with any other "employment" related issues must be arbitrated and this case should either be stayed pending the results of arbitration or dismissed.

Respectfully submitted,

Dale E. Kloss, Defendant

By: Q. Byrum Hurst
    Arkansas Bar No. 74082
    Hurst Law Group
    518 Ouachita Avenue
    Hot Springs, Arkansas 71901
    (501) 623-2565 Telephone
    (501) 623-9391 Facsimile
    qbyrum@hurstlaw.org

## CERTIFICATE OF SERVICE

I, Q. Byrum Hurst, hereby certify that on the 23rd day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Josh Sanford
Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
courtney@sanfordlawfirm.com

By: Q. Byrum Hurst
    Q. Byrum Hurst