IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE,**                               **PLAINTIFFS**
**CHYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                               No. 6:20-cv-6145-SOH

**DALE E. KLOSS**                                                 **DEFENDANT**

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

*A. Factual and Procedural Background*

Plaintiffs Mattie Powell, *et al.,* (collectively, "Plaintiffs") brought this suit on behalf of certain former and current employees of Defendant Dale E. Kloss ("Defendant") to recover unpaid minimum and overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"). On May 26, 2021, this Court conditionally certified a collective consisting of all current and former Dancers who were employed by Defendants at any time since December 8, 2017. Plaintiffs' counsel sent a court-approved notice to a list of persons provided by Defendant, and 5 persons joined the lawsuit as opt-in plaintiffs (hereafter, the named Plaintiffs and opt-in Plaintiffs are referred to collectively as "Plaintiffs"). *See* ECF Nos. 33, 37–40.

**Page 1 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion to Compel Production of Documents**

*B.  Records Relevant to this Case and Plaintiffs' Efforts to Obtain Them*

Plaintiffs allege that Defendant had a policy and practice of paying Dancers no hourly wage and only some of the tips they earned (with some of their tips required to be paid to the club, managers and other employees), resulting in minimum wage and overtime violations. *See* Original Complaint, ECF No. 2 ¶¶ 59–64. Plaintiffs' alleged damages include minimum wages for all hours worked, overtime premiums for all hours worked over 40 each week and an equal amount as liquidated damages. Therefore, documents showing the number of hours worked by and the amounts paid to Plaintiffs are central to the claims in this case.

On November 1, 2021, Plaintiffs served on Defendant Requests for Production of Documents including "copies of all documents, including any timesheets, timeclock records, and schedules, that may reflect each Plaintiff's hours of work during the Applicable Statutory Period" (RFP No. 7), "copies of all pay records reflecting monies paid to each Plaintiff during the Applicable Statutory Period" (RFP No. 8), and "copies of all communications between Plaintiffs and Defendant during the Applicable Statutory Period regarding any and all Plaintiffs' schedules, work time, job duties, and/or pay" (RFP No. 10). *See* Exhibit 5 to Plaintiff's Motion to Compel Production of Documents.

The FLSA requires employers to "maintain and preserve payroll or other records" with respect to hourly employees that include "[h]ours worked each workday and total hours worked each workweek," "[t]otal daily or weekly straight-time earnings," and "[t]otal premium pay for overtime hours." 29 C.F.R. § 516.2. Those regulatory requirements combined with Defendant's representation that each Plaintiff did in fact perform work for Defendant gives Plaintiffs every reason to expect that Defendant would

**Page 2 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion to Compel Production of Documents**

or should have at least some of the requested documents in his possession.

Defendant has not objected to Plaintiffs' Requests for Production of Documents. Defendant provided responses to Plaintiffs' discovery requests, along with some documents, on December 14, and indicated that he is searching for the rest of the documents (including the pay and time records) and intends to provide them "at a reasonable time prior to trial." *See* Exhibit 5 to Plaintiff's Motion to Compel Production of Documents.

Since December 14, Plaintiffs, through counsel, have attempted multiple times to contact Defendant's attorney to ascertain the status of the records, but have not received a response. *See* Exhibit 6.

### C. Remedy for Non-Production of Relevant Documents

Rule 37 provides that a party seeking discovery may move for an order compelling the production of documents if the opposing party fails to produce documents properly requested under Rule 34. Fed. R. Civ. P. 37(a)(3); *see also Helmert v. Butterball, LLC,* No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 60777 (E.D. Ark. May 27, 2010). In a suit for unpaid wages under the FLSA, where accurate time and pay records cannot be had, an employee is entitled to rely on a reasonable estimate of his or her hours and pay. *See generally, Anderson v. Mount Clemens Pottery Company*, 328 U.S. 680 (1946)).

Here, Plaintiffs do not wish to portray Defendant's counsel as willfully uncooperative or acting in bad faith. Rather, Plaintiffs wish to make every reasonable effort to obtain records that would prove their *actual* damages, lest Defendant later argue that Plaintiffs' proffer of *estimated* damages is unreasonable or inappropriate.

**Page 3 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion to Compel Production of Documents**

Therefore, Plaintiffs respectfully request an order of this Court compelling Defendants to produce documents, if they exist, reflecting the hours worked by and wages paid to all Plaintiffs, including opt-in Plaintiffs, during the period between December 8, 2017, and the present.

Respectfully submitted,

**MATTIE POWELL, SAMANTHA HAYNIE, CHYENNE KIMBRELL, ALEXANDRIA PARKER-SHIPMAN, LANI POWELL, DESTINY RICHARDSON, TATIANA SANDOVAL, TAYLOR SMITH and BRIANNA VENABLE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 500
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 4 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Motion to Compel Production of Documents**