IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE**     **PLAINTIFFS**
**CHEYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of Others Similarly Situated**

vs.          No. 6:20-cv-06145-SOH

**DALE E. KLOSS**     **DEFENDANT**

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
### FOR PARTIAL SUMMARY JUDGMENT

**I.**
**INTRODUCTION**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act ("AMWA") A.C.A. § 11-4-201 *et seq*., to recover unpaid wages owed to former employees of Defendant. Defendant owns and operates a nightclub in Hot Springs ("the Club"). The Club is a "strip club" where Plaintiffs performed as exotic dancers. Defendant denies that Dancer Plaintiffs were employees of Defendant, unlawfully characterizing them instead as independent contractors, joint venturers, or lessees not subject to state or federal minimum wage laws. Defendant did not pay Plaintiffs hourly wages.

As explained below, the undisputed facts in this case show that Plaintiffs were at all times relevant to this lawsuit employees entitled to minimum wage under the FLSA, not independent contractors. Moreover, Defendant had every reason to know that

Page 1 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Defendant's uniform practice of paying no wages to dancers was unlawful. The undisputed facts show that this case is indistinguishable from many cases nationwide, including cases in this District.[1] In particular, only a few days ago, this Court held that exotic dancers, such as Plaintiffs here, are employees entitled to the protection of the FLSA. *See Land v. Centerfold Entertainment Club, Inc.*, Case No. 6:21-cv-6153-SOH (W.D. Ark., September 26, 2023), ECF 51. And, the relevant facts here are nearly identical to the facts in *Land*.

As such, Plaintiffs are entitled to summary judgment to the effect that they were employees under the FLSA and the AMWA, that Defendant is liable for violations of the Act, and that Defendant's violations of the FLSA and the AMWA were willful.

## II.
## STANDARD OF REVIEW

Rule 56 provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole." *Celotex*, 477 U.S. at 327. Rule 56 mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] *See e.g. Miller v. Centerfold Entm't Club, Inc.,* Case No. 6:14-cv-6074, 2017 U.S. Dist. LEXIS 125945, W.D. Ark. August 9, 2017); *Evans v. Silver Dollar Cabaret*, Case No. 5:15-CV-5177, 2017 U.S. Dist. LEXIS 227499 (W.D. Ark. December 19, 2017); *See also Collins v. Barney's Barn, et al.*, 2013 U.S. Dist. LEXIS 184276 (E.D. Ark. 11/14/2013); *Gardner v. Country Club, Inc.*, No. 4:13-cv-03399-BHH, 2015 U.S. Dist. LEXIS 162009, 2015 U.S. Dist. LEXIS 162009, 2015 WL 7783556 at *12 (collecting a multitude of cases across several Circuits that conclude that exotic dancers are employees).

Page 2 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (directing that the court "shall" grant summary judgment if the movant meets the standard).

The party moving for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying the pleadings, admissions, discovery documents, and affidavits it contends show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The nonmoving party must then go beyond its own pleadings to designate specific controverted facts raising genuine triable issues. *Id.* at 325. In order to show a genuine issue of fact, "the nonmoving party may not rely on mere denials or allegations in its pleadings, but must designate specific facts showing that there is a genuine issue for trial." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 258 (8th Cir. 1996).

A dispute is genuine only if a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

### III.
### LAW AND ARGUMENT

**A.  Plaintiffs were Employees, not Independent Contractors, Joint Venturers, or Lessees.**

1. <u>It is Well Established that Exotic Dancers are Employees Protected by the FLSA.</u>

The FLSA governs the compensation of "employees." 29 U.S.C. § 206 ("Every employer shall pay to each of his employees . . . wages at the following rates . . ."). The

Page 3 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Supreme Court has observed that under the FLSA, "[t]he definition of 'employ' is broad," so that "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). In *United States v. Silk*, 331 U.S. 704 (1947), the Supreme Court elaborated on the distinction between independent contractors and employees. Many courts employ the economic realities test to determine whether an individual is an employee or an independent contractor under the FLSA. *Karlson v. Action Process Service & Private Investigations, LLC*, 860 F.3d 1089, 1092 (2017). The *Silk* court identified five factors to be considered in determining whether a purported independent contractor is, in reality, an employee: "[1] degrees of control, [2] opportunities for profit or loss, [3] investment in facilities, [4] permanency of relation and [5] skill required in the claimed independent operation." *Id*. at 716. Many courts, including those in the Eastern and Western Districts of Arkansas, also consider whether the work performed by the purported independent contractor is integral to the alleged employer's business. *Collins v. Barney's Barn*, Case No. 4:12-cv-685-SWW, 5 (E.D. Ark. 11/14/2013); *Harrell v. Diamond A Entertainment*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997).

It is effectively settled law that exotic dancers are employees under the FLSA and must be paid minimum wage. The Southern District of New York summarized the state of the law:

> [T]he Court notes that it is not the first court to address whether exotic dancers at a strip club such as [the defendant] are employees under the FLSA. Nearly "[w]ithout exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage." *Harrell v. Diamond A. Entm't, Inc.*, 992 F. Supp. 1343,

Page 4 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

1348 (M.D. Fla. 1997); see *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251-TMB, 2012 U.S. Dist. LEXIS 82770, 2012 WL 2175753 (D. Alaska June 14, 2012); *Clincy v. Galardi S. Enters., Inc.*, 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011); *Thompson v. Linda and A. Inc.*, 779 F. Supp. 2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, 2010 U.S. Dist. LEXIS 55636, 2010 WL 2346334, at *6 (S.D. Ind. 2010); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D. Tex. 1995); *Martin v. Priba Corp.*, 1992 U.S. Dist. LEXIS 20143, 1992 WL 486911, at *5 (N.D. Tex. 1992); see also *Doe v. Cin-Lan, Inc.*, No. 08-CV-12719, 2008 U.S. Dist. LEXIS 107802, 2008 WL 4960170 (E.D. Mich. 2008) (in assessing motion for preliminary injunction, finding that dancer was substantially likely to succeed on claim that she is an employee under FLSA); *Jeffcoat v. Alaska Dep't of Labor*, 732 P.2d 1073 (Alaska 1987) [18] (finding dancers to be employees under state labor laws modeled on FLSA). The only two cases to hold to the contrary under the FLSA are *Matson v. 7455, Inc.*, No. CV 98-788-HA, 2000 U.S. Dist. LEXIS 23013, 2000 WL 1132110 (D. Or. Jan. 14, 2000), and *Hilborn v. Prime Time Club, Inc.*, No. 4:11CV00197 BSM, ECF Doc. 89, 2012 U.S. Dist. LEXIS 188881 (E.D. Ark. July 12, 2012).

*Hart v. Rick's Cabaret Int'l, Inc.*, 2013 U.S. Dist. LEXIS 129130, 17-18 (S.D.N.Y. Sept. 10, 2013). Since the *Hart* court made its list, at least three more courts, including one in the Eastern District of Arkansas, have held that exotic dancers are FLSA-protected employees: *Collins v. Barney's Barn, et al.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 11/14/2013); *Butler v. PP&G, Inc.*, 2013 U.S. Dist. LEXIS 159417 (D. Md. 11/7/2013); and *Stevenson v. Great Am. Dream, Inc.*, 2013 U.S. Dist. LEXIS 181551 (N.D. Ga. 12/31/2013).

Courts have consistently found exotic dancers to be employees even where they bear some indicia of independent contractors, such as setting their own schedules, *Morse*, 2010 U.S. Dist. LEXIS 55636, 4, investing in their own costumes and makeup, *Harrell*, 992 F. Supp. at 1350, performing at more than one venue, *Reich v. Circle C Invs.*, 998 F.2d 324, 328 (5th Cir. 1993), paying the venue "rent" in the form of a nightly

Page 5 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

"tip-out," *Id*. at 327-328, or *all* of these. *Reich v. Priba Corp.*, 890 F. Supp. 586 (N.D. Tex. 1995). Courts that have considered the issue have consistently found that any investment made or control exercised by exotic dancers is insignificant compared to that of the proprietors of the nightclubs where the dancers work. *Id*. When the proprietors of the club pay for the facilities, advertise for the customers, supply the food and drink, and make the rules, it is clear that a dancer is not in business for herself, but is "dependent on the Defendant to provide her with customers, and her economic status is inextricably linked to those conditions over which Defendant has complete control." *Butler v. PP&G, Inc.*, 2013 U.S. Dist. LEXIS 159417 (D. Md. 11/7/2013) (quoting *Priba*, 890 F. Supp. at 592 (internal editing marks omitted)).

2. The Undisputed Facts in this Case Show that Plaintiffs were Employees.

Viewed in the context of the *Silk* factors, the undisputed facts in this case show that dancers at French Quarter were employees, not independent contractors.

   a. Degrees of Control

Defendant exercised significant control over dancers and over the business. Plaintiffs were not allowed to keep all the tips they earned. Declaration of Mattie Powell ("Powell Decl.") ¶ 10, ECF No. 8-7; Declaration of Cheyenne Kimbrell ("Kimbrell Decl.") ¶ 10, ECF No. 8-8; Declaration of Alexandria Parker-Shipman ("Parker-Shipman Decl.") ¶ 10, ECF No. 8-9; Declaration of Tatiana Sandoval ("Sandoval Decl.") ¶ 10, ECF No. 8-10; Declaration of Taylor Smith ("Smith Decl.") ¶ 10, ECF No. 8-11 (collectively "All Decl."). Plaintiffs were required to pay a complicated scheme of shift fees each night that they worked, including paying 10% of their total earnings to the manager plus up to 40% of their tips to Defendant, depending on when they arrived at work. All Decl. at ¶

Page 6 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

10. This level of individual control over dancers' tip money greatly exceeds that exercised by other clubs where courts have found the dancers to be employees under the FLSA. *Harrell* 992 F. Supp. at 1346 (dancer found to be an employee where she did "not report (or otherwise account for) any of her earnings to the club").

In considering the level of control asserted by a club over its dancers, a number of courts have found it relevant whether the club requires dancers to adhere to a weekly schedule. *Collins*, Case No. 4:12-cv-685-SWW at 3 (E.D. Ark. 11/14/2013) ("Dancers were required to formulate weekly work schedules with the club manager."); *Circle C*, 998 F.2d at 327 ("The dancers are required to comply with weekly work schedules, which Circle C compiles with input from the dancers."). Although the existence of a weekly schedule is strong evidence that exotic dancers are FLSA-protected employees, dancers have been found to be employees even at clubs where there are no such schedules. *Priba Corp.*, 890 F. Supp. at 591 (dancers held to be employees where "Within the shifts established by Cabaret Royale, the entertainers are free to set their own schedules and can perform at the club at any time.").

Here, the Club was generally open from 7:00 PM until 2:00 AM on weeknights, and from 7:00 PM until 4:00 AM on weekends. All Decl. at ¶ 7. However, Plaintiffs were required to stay as long as there were paying customers. *Id.* Sometimes Plaintiffs were not allowed to leave until around 3:00 AM or 4:00 AM on weeknights and 5:00 AM or 6:00 AM on weekends. *Id.* Furthermore, Plaintiffs and other dancers were not allowed to decline assignments, such as refusing to dance for a customer whom they found personally objectionable. *Id.* at ¶ 11. Plaintiffs and other dancers were required to be available to work at certain, pre-arranged times. *Id.* They were not allowed to leave work

Page 7 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

until Defendant said they could leave. *Id.* They did not have the opportunity to negotiate their pay with Defendant. *Id.* They had no input in setting prices for Defendant's customers and were required to dress according to Defendant's dress code. *Id.* In sum, Defendant had total control over almost every aspect of their employment. As such, Plaintiffs were treated as and followed the usual path of an employee and should have been paid accordingly.

In holding that an exotic dancer is an employee of the club where she works, courts have placed great emphasis on the fact that club management is in control of the atmosphere of the club and the flow of customers for whom the dancer performs. *Collins*, Case No. 4:12-cv-685-SWW at 5-6 (E.D. Ark. 11/14/2013 ("Defendants provided the advertisement, facilities, music, disc jockeys, and security necessary for separate plaintiffs' performances."); *Priba Corp.*, 890 F. Supp. at 592 ("the defendants created and control[led] the atmosphere and surroundings at the [night club], the existence of which dictate[d] the flow of customers into the club.").

Defendant's Club fits the mold of the clubs in *Collins*, *Priba Corp.*, and many similar cases. There is no evidence that dancers at Defendant's Club had any influence over the design or decoration of the facilities, or that they paid for advertising. To the contrary, the Defendant, as the Club's Owner, established the prices on the club's menu of products and services. *See* French Quarter Menu, attached to Pls.' Motion as Exhibit 1. As a matter of economic reality, the Club's dancers came to work at Defendant's facility as scheduled and provided services to Defendant's customers in accordance with Defendant's menu, as any employee would.

Page 8 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Defendants in factually similar cases have argued that exotic dancers have a degree of control over their work because they can decide for themselves what to wear and how to choreograph their performances. Courts have rejected such arguments, observing that "a dancer's job requires some measure of discretion and flexibility." *Harrell*, 992 F. Supp. at 1349. Control over one's work that is "restricted to decisions involving what clothes to wear or how provocatively to dance . . . is more consistent with the status of an employee than an independent contractor." *Priba*, 890 F. Supp at 593. The germane question is whether the dancer "exerts such a control over a meaningful part of the business that she stands as a separate economic entity." *Id.* at 592. Over and over, courts have found that exotic dancers such as Plaintiffs do not satisfy that test.

   b. *Opportunities for Profit or Loss*

Exotic dancers do not bear the financial risks or enjoy the opportunities of independent business operators. Even where dancers risk *losing* money in the form of stage rent or shift fees, courts have held that it is the club, not the dancer, whose opportunity for profit or loss is consistent with an independent enterprise. *Harrell*, 992 F.Supp. at 1352. (dancer was an employee where she "risk[ed] little more than a daily 'tip-out' fee, the cost of her costumes, and her time."); *Priba*, 890 F. Supp at 593 (risk of losing a "tip out" fee paid each shift does not amount to "opportunity for profit or loss.").

The dancers in this case bore no risk of loss at all. Because Defendant did not charge dancers any fixed fees, a dancer's nightly earnings could not be less than zero. While Defendant's dancers could increase their incomes to a certain extent by working harder for more tips, as a waiter in a restaurant might, the dancers had no stake in the

Page 9 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

profit or loss incurred by the business. See *Harrell*, 992 F. Supp. at 1352 ("As is the case with the zealous waiter at a fancy, four-star restaurant, a dancer's stake, her take and the control she exercises over each of these are limited by the bounds of good service; ultimately, it is the restaurant that takes the risks and reaps the rewards."). Given the limited capital put at risk by exotic dancers, the Fifth Circuit has recognized that "dancers are far more closely akin to wage earners toiling for a living, than to independent entrepreneurs seeking a return on their risky capital investment." *Circle C.*, 998 F.2d at 328 (quoting *Brock v. Mr. W. Fireworks, Inc.*, 814 f.2d 1042, 1051 (5th Cir. 1987) (internal quotation marks omitted)). The same is true here.

   c. *Investment in Facilities*

Even in cases where it is demonstrable that dancers spend thousands of dollars per year on costumes and makeup, courts have universally recognized that any investment by an exotic dancer in the accoutrements of her work is minor compared to the "obvious significant investment" involved in operating a nightclub. *Harrell*, 992 F. Supp. at 1350; *Circle C*, 998 F.2d at 328. Here, there is no specific evidence as to how much any Plaintiff spent on her clothes, but Defendant's much greater investment in running a night club with a stage, bar, and four management employees is self-evident. As in every FLSA case on record regarding exotic dancers, this factor tilts strongly in favor of a determination that Plaintiffs are employees.

   d. *Permanency of Relation*

Several courts have observed that exotic dancers tend to be itinerant. Even where dancers come and go with some frequency, courts consistently find that "[t]he transient nature of the work force is not enough . . . to remove the dancers from the

Page 10 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

protections of the FLSA." *Circle C*, 998 F.2d at 328-329; *Thompson*, 779 F. Supp. 2d at 150 ("Many of the courts that have found exotic dancers to employees under the FLSA did so despite finding the employment relationship lacked a high degree of permanence."). The time that Plaintiffs worked for Defendant varies from several months to a year. All Decl. at ¶ 4. This variability is characteristic of the industry and does not indicate that dancers were anything other than employees.

   e. *Skill Required in the Claimed Independent Operation*

Plaintiffs' work at the Club was not marked by any special skill or initiative. Defendant does not require dancers to have any prior experience or training. The only "initiative" a dancer could exercise was the salesmanship she employed as she developed a rapport with paying customers. Courts have repeatedly said that exercise of this sort of initiative does not suggest that one is an independent contractor. *Priba*, 890 F. Supp. at 593 ("The ability to converse with club clientele in an effort to generate a larger tip is not the type of initiative contemplated by *Silk*."). Rather, an exotic dancer's lack of specialized skills indicates that she is an employee. *Id*.

   f. *Integral Part of Business*

The Club's menu devotes more space to the prices of dancers' services than it does to the prices of food and drink. French Quarter Menu, Ex. 1. As such, there can be no question that "plaintiffs' work was an integral part of defendants' regular business of providing adult entertainment." *Collins*, Case No. 4:12-cv-685-SWW, 5. Dancers were not running dozens of separate, independent enterprises on the Club's business premises; *dancers' scantily clad bodies were* themselves Defendant's business. *Stevenson v. The Great American Dream, Inc.*, Case No. 1:12-cv-3359-TWT, 12 (N.D.

Page 11 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Ga. 12/31/2013) ("[The defendant] is an adult entertainment club and so it needs adult entertainers."). It is no mistake that the Club's menu refers to dancers as "employees." French Quarter Menu, Ex. 1 ("Our employees work for tips . . . stage tips: $1-$5 per song."). Any observer's natural, obvious, and legally correct conclusion would be that the dancers work for the club.

Taken as a whole, the *Silk* factors strongly indicate that Plaintiffs were economically dependent on the Defendant. The club took all the economic risks, kept all the resulting profits, and controlled the atmosphere in which Plaintiffs worked. Defendant hired Plaintiffs to dance at the Club to attract customers for the Club's benefit. The FLSA does not permit an employer to profit from workers' labor in that manner without paying minimum wages.

### B. Defendant Duke Kloss was Plaintiffs' Employer within the Meaning of the FLSA.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.S. § 203(d). The Second Circuit has observed that "the striking breadth of the FLSA's definition of 'employ' stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles in order to effectuate the remedial purposes of the act." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Applying that broad definition, "[t]he Eighth Circuit has held that a corporate officer with operational control of the corporation's day-to-day functions is an employer within the meaning of the FLSA." *Simms v. Northport Health Servs. of Ark., L.L.C.*, 2013 U.S. Dist. LEXIS 68302, 6 (W.D. Ark. May 14, 2013)

Page 12 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

(citing *Wirtz v. Pure Ice Co., Inc.*, 322 F.2d 259, 262-63 (8th Cir. 1963)). Where both a corporation and a corporate officer satisfy the definition of "employer" under the FLSA, "the officer and the corporation are jointly and severally liable" for FLSA violations. *Brown v. L & P Indus., LLC*, No. 5:04-cv-379-JLH, 2005 U.S. Dist. LEXIS 39920, 38 (E.D. Ark. Dec. 21, 2005) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511-14 (1st Cir. 1983)).

To be liable as an employer under the FLSA, one need not "be responsible for managing plaintiff employees—or, indeed . . . have directly come into contact with the plaintiffs, their workplaces, or their schedules." *Irizarry*, 722 F. 3d at 110. Rather, operational control may be exercised through delegated authority. *Id*. ("The [FLSA] provides an empty guarantee absent a financial incentive for individuals with control, even in the form of delegated authority, to comply with the law, and courts have continually emphasized the extraordinarily generous interpretation the statute is to be given."); see also *Perez-Benites v. Candy Brand, LLC*, No. 1:07-CV-1048, 2011 U.S. Dist. LEXIS 55003, at *21 (W.D. Ark. May 20, 2011) ("To be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. The party need only have operational control of significant aspects of the corporation's day-to-day functions."). Even if an individual's authority over employees is "latent," or "exercised only occasionally," the *right* to supervise is an important factor to consider in imposing liability on the individual. *Irizarry*, 722 F. 3d at 110-111. "An employer does not need to look over his workers' shoulders every day in order to exercise control." *Id*. at 111. Courts have applied this standard in the context of night clubs like French Quarter and have found that a club owner who is "the driving force

Page 13 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

behind" the club is liable as an employer, even if he is "not directly responsible for the day-to-day operation of the club." *Priba Corp*., 890 F. Supp. at 590.

Defendant Kloss, who also goes by "Doc," is the sole owner of the Club. Defendant Kloss personally hired the club's General Manager. Defendant Kloss was known to the dancers at the Club, including Plaintiffs, as a member of management. Defendant Kloss set the prices on the Club's menu, including prices for dancers' services. In fact, the Club's menu refers directly to Defendant Kloss more than once: the club's premium private dance room is called "Doc's Private Dance Room," and the menu includes a tongue-in-cheek offer of free "Stop Smoking advice from Doc." French Quarter Menu, Ex. 1. As owner of the club, Defendant Kloss is also presumably the person referred to as "the Big Cheese" in a menu item offering his services as a wedding officiant. *Id*.

It is plain from the undisputed facts that Defendant Kloss was no absentee owner. He was, like the owner at issue in *Priba Corp*., the "the driving force behind" the Club. Defendant Kloss held court at his Club nightly. He was known to be the boss by dancers and customers alike because the Club's printed menu identified him as such. Because Defendant Kloss exercised operational control over significant aspects of the Club's business by hiring management, setting prices, and overseeing the club on a daily basis, he was Plaintiffs' employer within the meaning of the FLSA and is liable for damages resulting from violations of the Act.

Page 14 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

### C. Plaintiffs are Entitled to Summary Judgment as to the Parties' Employer-Employee Relationship under the AMWA.

Because Plaintiffs are Defendant's employees under the FLSA, it follows that they are also Defendants' employees under the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 et seq. The Federal and State statutes contain substantially identical definitions of the term "employer." *Compare* A.C.A. § 11-4-203(4)(A) *with* 29 U.S.C. § 203(d). The Arkansas Department of Labor, through its regulations interpreting the AMWA, has directed that "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the Arkansas Minimum Wage Act] . . . except to the extent a different interpretation is clearly required." Ark. Admin. Code § 010.14.1-112.

Comparing the two Acts, courts within the District of Arkansas have observed that "It does not appear . . . that the Arkansas statute imposes a requirement different from that imposed by the Fair Labor Standards Act." *Phillips v. Pine Bluff*, No. 5:07-cv-207, 2008 WL 2351036, at *5 (E.D.Ark. Jun. 4, 2008). Thus, courts that have faced similar claims under the FLSA and the AMWA have concluded that the two Acts require identical results. *Helmert v. Butterball, LLC*, 805 F.Supp.2d 655, 663 n. 8 (E.D. Ark. 2011); *Lyons v. Conagra Foods Packaged Foods, LLC*, Case No. 4:12-cv-245-JMM, 6 (E.D. Ark. 10/31/2013) ("the parallel provisions of the FLSA and the AMWA should be interpreted in the same manner.").

The law and arguments herein in support of Plaintiffs' claims under the FLSA apply equally to Plaintiffs' claims under the AMWA. Therefore, Plaintiffs' Motion for

Page 15 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Summary Judgment should be granted as to their claims under the AMWA that Plaintiffs were employees, not independent contractors, and that Defendant Kloss is personally liable as Plaintiffs' employer.

### D. Defendant's Violations of the FLSA were Willful.

A two-year statute of limitations applies to FLSA actions unless the defendant's violation was willful, in which case the statute of limitations is extended to three years.[2] 29 U.S.C. § 255. A violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Reckless disregard of the requirements of the Act" is defined by the Department of Labor as "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104.

Exotic dancers have been asserting their FLSA rights in federal courts for more than twenty years, see *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324 (5th Cir. 1993), and lawsuits on behalf of dancers have proliferated in recent years. See § III.A.1., *supra*. The overwhelming majority of courts have held that exotic dancers are employees protected by the FLSA. The most cursory investigation into Defendant's pay practices would have shown that the practices violated prevailing law. Defendant did not even enter into written contracts or lease agreements with dancers; rather, their present position that dancers were independent contractors or lessees is a *post-facto* rationalization for a practice that did not take the law into account at all.

---

[2] The question of willfulness is relevant to Plaintiffs' claims under the FLSA only; the statute of limitations for violations of the AMWA is three years. *Douglas v. First Student, Inc.*, 2011 Ark. 463, 6 (2011).

Page 16 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment

Because Defendant failed to make any inquiry into whether his conduct was in compliance with the FLSA, he acted in reckless disregard of the requirements of the Act and his conduct was willful.

**IV.**
**CONCLUSION**

The legal issues in this case are well defined and the law is clear. The facts material to Plaintiffs' Motion are not in dispute. The Defendant and the Club are not distinguishable from the many adult entertainment clubs throughout the country that courts have held to be employers of the dancers that perform there. Defendant simply chose a business model that was known to violate wage laws, and continued to operate under that business model despite constant litigation within the industry. The trend of minimum wage litigation against strip clubs has finally reached Defendant, and the result here should follow the national consensus: Defendant owes Plaintiffs minimum wage for all hours worked within the three years prior to the filing of this lawsuit. For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment should be granted in its entirety.

**Page 17 of 18**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH**
**Brief in Support of Plaintiffs' Motion for Partial Summary Judgment**

Respectfully submitted,

**MATTIE POWELL, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 18 of 18
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) No. 6:20-cv-6145-SOH
Brief in Support of Plaintiffs' Motion for Partial Summary Judgment**