IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTIE POWELL, *et al.*                                                              PLAINTIFFS

v.                                      Case No. 6:20-cv-6145

DALE E. KLOSS                                                                         DEFENDANT

## ORDER

Before the Court is the Plaintiffs' Motion for Partial Summary Judgment. ECF No. 76. Defendant Dale E. Kloss ("Kloss") responded. ECF No. 85. Plaintiffs replied. ECF No. 89. The Court finds the matter ripe for consideration.

### I. BACKGROUND[1]

French Quarter Partners, LLC ("French Quarter") is a club in Hot Springs, Arkansas, at which exotic dancers provide entertainment to patrons. Defendant Kloss is French Quarter's organizer and incorporator. Plaintiffs performed as exotic dancers at French Quarter during various periods prior to the commencement of this action.

On December 8, 2020, Plaintiffs filed their complaint against Defendant, bringing claims for violations of the minimum wage and overtime provisions of both the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"). ECF No. 2. Plaintiffs allege that that they were not paid applicable minimum wages and overtime wages during their time working at French Quarter. Plaintiffs proceed on behalf of themselves and others similarly situated.[2]

---

[1] The factual background is taken from Plaintiff's Statement of Facts (ECF No. 78), of which Defendant only disputes one factual assertion that the Court will highlight later. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion.").
[2] The initial named Plaintiffs were Mattie Powell, Samantha Haynie, Cheyenne Kimbrell, Alexandria Parker-Shipman, Lani Powell, Destiny Richardson, Tatiana Sandoval, Taylor Smith, and Brianna Venable. ECF No. 2, p. 1.

Plaintiffs subsequently filed a Motion to Certify Collective Action in this matter. ECF No. 8. Plaintiffs sought to certify an FLSA collective action with the collective defined as "All Dancers employed by Defendant since December 8, 2017." *Id*. at p. 2. The Court granted the motion in part[3] and conditionally certified Plaintiffs' proposed collective. ECF No. 32. Five additional Plaintiffs opted into the collective after the Court's order conditionally certifying the collective: Kiana Kidd, Zoie Ford, Makayla Briggs, T'ziyah Fisher, and Tabatha May Kunz. ECF Nos. 35, 37, 38, 39, & 40.

On September 29, 2023, Plaintiffs filed the instant motion seeking partial summary judgment, their statement of facts, and brief in support. ECF Nos. 76, 77, & 78. Plaintiffs seek to have the Court find that there is no genuine dispute that Plaintiffs were employees under the FLSA, that Defendant was an employer under the FLSA, that any of Kloss' potential FLSA violations were done willfully, and that any relevant findings be similarly applied to Plaintiffs' AMWA claims. Defendant responded in opposition, conceding that Plaintiffs were employees but disputing that he was their employer or that any FLSA violations were willful. ECF No. 85. Plaintiffs replied, contending that Defendant failed to present any facts necessary to preclude granting Plaintiffs' request for summary judgment. ECF No. 89.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be

---

[3] The Court required amendments to some of the proposed procedures for communicating with potential members of the proposed collective. ECF No. 32, p. 7-10.

resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### III. DISCUSSION

#### A. Whether Plaintiffs were Employees under the FLSA

Plaintiffs first argue that it is well established that exotic dancers can be protected by the overtime and minimum wage provisions of the FLSA. ECF No. 77, p. 3-6. Plaintiffs note that several courts, including this one, have determined that exotic dancers were employees under the

FLSA after applying the applicable legal standard to the circumstances of their work at an establishment.

Plaintiffs then argue that applying the relevant factors to the undisputed facts in this matter supports finding that they were employees under the FLSA. *Id*. at p. 6-12. For factual support, Plaintiffs rely almost entirely on the sworn declarations submitted by five of the initial named Plaintiffs in support of the motion to certify a collective. ECF Nos. 8-7, 8-8, 8-9, 8-10, & 8-11 (collectively "Declarations"). Apart from the declarant's name and dates of employment, the Declarations are functionally identical. Plaintiffs first emphasize that they exerted little control over their work at French Quarter. Plaintiffs note that they had to give a certain percentage of their tips to Defendant or other manager at the end of their shift, that they could not leave when they wanted to and their schedule was partially controlled by Defendant, and that they had no input into the various aspects of operating French Quarter. Plaintiffs also emphasize how critical their work was to French Quarter by presenting French Quarter's "menu" of services (the "Menu"). ECF No. 76-1. Plaintiffs contend that the Menu demonstrates how French Quarter's entire business model revolved around providing exotic dancers to patrons. As to the remaining factors, Plaintiffs argue that they made no significant investments in French Quarter, that they were not subject to the financial risks and opportunities of French Quarter, that their work required no specialized skills, and that other courts have found that the impermanence of their work should not be accorded significant weight in the analysis.

In response, Defendant concedes that Plaintiffs were employees for purposes of the FLSA. ECF No. 86, p. 3.

The FLSA generally defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employ" as "to suffer or permit to work," 29 U.S.C. 203(g). The

"broad definition of employ 'stretches the meaning of "employee" to cover some parties who might not qualify as such under a strict application of traditional agency law principles.'" *Karlson v. Action Process Serv. & Priv. Investigations, LLC*, 860 F.3d 1089, 1092 (8th Cir. 2017) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)). "The test for employment under the [FLSA] is one of 'economic reality[.]'" *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (quotation omitted). Many courts have adopted the employer-employee relationship factors outlined in *United States v. Silk*, 331 U.S. 704, 716 (1947) to evaluate if the "economic realities" demonstrate employment under the FLSA. *See Karlson*, 860 F.3d at 1092. The Eighth Circuit has not affirmatively adopted this approach, but it has presumed for purposes of review that it is the appropriate manner of determining employment status. *See Walsh v. Alpha & Omena USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022).

This Court has previously utilized the economic realities test in FLSA cases and will continue to do so in this matter. *See Murray v. Silver Dollar Cabaret, Inc.*, 2017 WL 11496866 at *2-4 (W.D. Ark. Dec. 19, 2017); *Miller v. Centerfold Ent. Club, Inc.*, 2017 WL 3425887 at *4-6 (W.D. Ark. Aug. 9, 2017); *Whitworth v. French Quarter Partners, LLC*, 2014 WL 12594213 at *3-7 (W.D. Ark. June 30, 2014). The six factors for evaluating the economic realities of the relationship are:

> (i) the degree of control exercised by the alleged employer over the business operations; (ii) the relative investments of the alleged employer and employee; (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer; (iv) the skill and initiative required in performing the job; (v) the permanency of the relationship; and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

*Karlson*, 860 F.3d at 1093 (citing *Silk*, 331 U.S. at 716). No one factor is dispositive and the circumstances of the relationship should be evaluated as a whole. *See id*. While these factors raise questions of fact, the ultimate determination of whether an individual is an employee under the FLSA is a question of law. *See Walsh*, 39 F.4th at 1082 (citations omitted).

The Court will evaluate each factor in light of the undisputed factual record. As to degree of control, "this factor considers the alleged employer's right to control the way work is performed." *Id*. at 1083 (citations omitted). In this matter, it is undisputed that Plaintiffs had little control over their work schedule (Declarations ¶¶ 7, 11), Plaintiffs were required to relinquish a set percentage of their tips from every shift to the current manager or Defendant (*Id*. at ¶ 10), Plaintiffs were not permitted to refuse dances to customers (*Id*. at ¶11), Plaintiffs had no input on setting prices paid by customers at French Quarter (*Id*.), and Plaintiffs had to adhere to a dress code (*Id*.). With the amount of control exerted over Plaintiffs during their work at French Quarter, the Court finds that this factor weighs heavily in favor of viewing Plaintiffs as employees.

Regarding relative investment into French Quarter, the only evidence in the record of any parties' investment is Defendant's status as French Quarter's incorporator and organizer. ECF No. 76-2. While the Court finds that this evidence favors viewing Plaintiffs as employees, the Court does not ascribe this factor much weight in light of the limited factual record regarding investment by either party.

For the opportunity for profits and losses factor, the evidence in the record indicates that Plaintiffs were paid entirely in tips and did not possess any kind of ownership interest in French Quarter. Declarations at ¶ 9. The French Quarter Menu also states that "[o]ur employees work

for tips." ECF No. 76-1, p. 2. Thus, the Court finds that the profits and losses factor weighs in favor of Plaintiffs being employees. *See Murray*, 2017 WL 11496866 at *3 (determining that the fact that an exotic dancer was paid entirely in tips weighs in the dancer's favor for the profit and loss factor); *Whitworth*, 2014 WL 12594213 at *5-6 (finding that the profit and loss factor weighed in favor of exotic dancers whose earnings consisted almost entirely of tips).

As to specialized skills, there is no evidence in the record providing insight into this factor. While Plaintiffs argue that there was no requirement for prior experience and no training necessary to dance at French Quarter, they cite nothing in the record to support their assertions. Accordingly, the Court places no weight in either direction for this factor.

For the permanency of relation factor, the more permanent a worker's relationship with an alleged employer the more likely an FLSA employment relationship exists. *See Whitworth*, 2014 WL 12594213 at *6 (citation omitted). Here, Plaintiffs admit that their time working for French Quarter was not lengthy and that the turnover rate for dancers at French Quarter was "significant." Declarations at ¶¶ 4, 14. Accordingly, the Court finds that this factor weighs in favor of not viewing Plaintiffs as employees.

As to whether Plaintiffs were integral to French Quarter's business, "[t]his factor turns 'on whether workers' services are a necessary component of the business.'" *Walsh*, 39 F.4th at 1085. Viewing the French Quarter Menu, the primary concept and business model of the club is providing patrons access to exotic dancers. ECF No. 76-1. Other than drinks and cigarettes for purchase, all offerings revolve around purchasing dances or massages from the dancers and nearly every listed policy relates to rules governing interactions between patrons and dancers. *Id*. This demonstrates that the exotic dancers were indispensable to French Quarter's business and certainly a "necessary component." *Walsh*, 39 F.4th at 1085. Therefore, the Court finds that this factor

7

weighs heavily in favor of finding that Plaintiffs were employees during their time dancing at French Quarter.

Evaluating all factors in light of the undisputed facts, the Court finds that Plaintiffs were employees under the FLSA. The two factors the court views as most significant for this determination, the degree of control Plaintiffs wielded in their work and whether they were integral to French Quarter's business, weigh heavily in favor of finding that Plaintiffs were employees. Most of the remaining factors either slightly favor finding that Plaintiffs were employees or favor no determination. Only the permanency factor weighs against Plaintiffs, but this Court has previously found that impermanence is not a significant or determinative factor precluding a finding that exotic dancers were employees under the FLSA. *See Murray*, 2017 WL 11496866 at *3; *Whitworth*, 2014 WL 12594213 at *6-7. Accordingly, viewing the undisputed facts in the light most favorable to Defendant, the Court finds as a matter of law that Plaintiffs were employees under the FLSA while working as exotic dancers at French Quarter. *See Walsh*, 39 F.4th at 1082.

**B. Whether Defendant was an Employer under the FLSA**

Plaintiffs argue that the undisputed facts demonstrate that Defendant Kloss was clearly an employer at French Quarter for purposes of the FLSA. Plaintiffs first note that Defendant is the sole owner of the club. Plaintiffs then make various assertions as to Defendant's involvement in managing and operating French Quarter, such as Kloss personally hiring French Quarter's general manager and setting all prices on the club's Menu. Plaintiffs then contend that the references to "Doc" and "the Big Cheese" on French Quarter's Menu are referring to Kloss and further indicates his involvement in managing the club. Plaintiffs conclude that the evidence clearly shows that Defendant exerted the operational control necessary to be an employer under the FLSA.

In response, Defendant argues that the Court should not find him to be an employer under the FLSA. ECF No. 87. However, Defendant never clearly articulates his argument in opposition. The only statement of fact that Defendant disputes is that "French Quarter did not pay hourly wages to dancers during the three years prior to the filing of this lawsuit." ECF No. 78, ¶ 15. To support this dispute, Defendant attaches payroll information and checks for dancers indicating that they were paid an hourly wage by French Quarter. ECF No. 87, p. 6-11. This information regards payments made in 2021, which was after this lawsuit was filed and not relevant to the two or three years prior to this lawsuit during which Defendant allegedly violated the FLSA and AMWA. In reply, Plaintiffs assert that Defendant's near total acquiescence to their statement of facts demonstrates that there is no genuine dispute for this issue and that the Court must find that Defendant was an FLSA employer.

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts similarly look to the "economic reality" of the circumstances to determine if an individual qualifies as an employer under the FLSA. *Whitworth*, 2014 WL 12594213 at *7 (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2nd Cir. 2012)). The non-exhaustive factors relevant for determining the "economic reality" of whether an individual is an employer are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104-05; *and see Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (applying the same factors when determining if a defendant is an employer under FLSA). "The Eighth Circuit has held that a corporate officer with operational control of the corporation's day-to-day functions is an employer within the meaning of the FLSA."

*Simms v. Northport Health Servs. of Ark.*, *L.L.C.*, 2013 WL 2102974, at *2 (W.D. Ark. May 14, 2013) (citing *Wirtz v. Pure Ice Co.*, Inc., 322 F.2d 259, 262-63 (8th Cir. 1963)).  The determination of whether a defendant is an employer under the FLSA is ultimately a question of law.  *See Acosta v. Zhao Zeng Hong*, 704 Fed. App'x 661, 663 n.2 (9th Cir. 2017); *U.S. Dept. of Labor v. Cole Enter., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986); *Karr v. Strong Detective Agency, Inc., a Div. of Kane Serv.*, 878 F.2d 1205, 1206-07 (7th Cir. 1986) (citing *Wirtz v. Barnes Grocer Co.*, 398 F.2d 718, 721-22 (8th Cir. 1968)).

The Court finds that Plaintiffs have not met their burden to show that Defendant was an employer as a matter of law.  Most factual assertions in Plaintiffs' brief, such as Defendant personally hiring and firing workers and setting prices at French Quarter, are not supported by citations to any evidence in the record.  Plaintiffs' citations to the Menu's references to "Doc" and "the Big Cheese" have no relevance because there is no evidence in the record to support Plaintiffs' presumption that Kloss is the one being referenced.  Plaintiffs' Statement of Facts only puts forth the bare statements that "Dale Kloss operates" French Quarter and that Dale Kloss is French Quarter's incorporator and organizer.  This desolate factual record is wholly inadequate to find as a matter of law that Defendant had "operational control of the corporation's day-to-day functions." *Simms*, 2013 WL 2102974, at *2.  Further, Plaintiffs have presented no evidence that could allow examination of any of the "economic reality" factors relevant for determining whether a defendant is an employer under the FLSA.  *See Irizarry*, 722 F.3d at 104-05; *Orozco*, 757 F.3d at 448.  Accordingly, the Court cannot grant Plaintiffs' request for summary judgment as to Defendant's status as an employer under the FLSA.

### C. Parallel AMWA Findings

Plaintiffs argue that the Court should also determine that they were employees under AMWA and that Defendant was an employer under AMWA. ECF No. 77, p. 15-16. Plaintiffs assert that AMWA is analyzed identically to the FLSA and contend that the Court's findings regarding their employment status should be applied to their AMWA claims. Defendant does not address this aspect of Plaintiffs' motion in his response.

Similar to the FLSA, AMWA seeks to "establish minimum wages for workers," Ark. Code. Ann. § 11-4-202, and to provide overtime compensation for workers, Ark. Code. Ann. § 11-4-211. Both AMWA and FLSA define "employ" as "to suffer or to permit to work." *Compare* Ark. Code. Ann. § 11-4-203(2) *with* 29 U.S.C. 203(g). They also both define "employee" as "any individual employed by an employer." *Compare* Ark. Code. Ann. § 11-4-203(2) *with* 28 U.S.C. § 203(e)(1). For "employer," both define it similarly to include persons "acting directly or indirectly in the interest of an employer in relation to an employee." *Compare* Ark. Code. Ann. § 11-4-203(4)(A) *with* 29 U.S.C. § 203(d). The Arkansas Department of Labor's rule regarding interpretation and application of AMWA states that "[t]he division may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [AMWA.]" Ark. Admin. Code 235.01.112.

Claims under AMWA and the FLSA are analyzed in the same manner. *See Karlson*, 860 F.3d at 1092 n.3; *Middleton v. Hempstead Cnty., Ark.*, 2021 WL 3179312, at *1 n.1 (W.D. Ark. July 27, 2021). Therefore, the Court will adopt the conclusions it reached regarding the relevant FLSA aspects of the instant motion for Plaintiffs' AMWA claims. *See Karlson*, 860 F.3d at 1092 n.3; *Middleton*, 2021 WL 3179312 at *1 n.1. Accordingly, the Court finds that Plaintiffs were

employees under AMWA, and that Plaintiffs failed to meet their burden of showing that Defendant was an employer under AMWA.

### D. Whether any FLSA Violations were Willful[4]

Plaintiffs argue that the Court should find that any potential FLSA violations committed by Defendant were willful. ECF No. 77, p. 16-17. Plaintiffs contend that the numerous instances in which courts have found exotic dancers to be employees under the FLSA should have made Defendant aware that any failure to pay Plaintiffs minimum wage was illegal. In response, Defendant asserts that the Court should not find that any FLSA violations were willful but fails to offer any argument to support his position. ECF No. 87.

If a defendant's violations of the FLSA were willful, the typical two-year statute of limitations is extended to three years. 29 U.S.C. § 255. Willful violations occur when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute[.]" Whether an FLSA violation is willful is a question of fact. *See Brown v. Fred's, Inc.*, 494 F.3d 736, 743-44 (8th Cir. 2007) (affirming a district court's rulings that included submitting the question of FLSA willfulness to the jury).

The Court finds that Plaintiffs have failed to show that there is no genuine dispute that Defendant's alleged FLSA violations were willful. Plaintiffs rely entirely on prior cases disbursed between this Court and various other district and circuit courts to argue that Defendant clearly knew he had to adhere to FLSA requirements when compensating exotic dancers at French Quarter.[5] Plaintiffs do not attempt to cite evidence of any specific actions to demonstrate

---

[4] As Plaintiffs note, willfulness is not relevant for the AMWA claims because the statute of limitations for AMWA violations is set at three years, s*ee Douglas v. First Student, Inc.*, 2011 Ark. 463, 6 (2011), and does not vary depending on a finding of willfulness like FLSA claims. *See* 29 U.S.C. § 255.

[5] Cases cited by Plaintiffs and not already referenced by this Order include *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324 (5th Cir. 1993), *Gardner v. Country Club, Inc.*, 2015 WL 7783556 (D.S.C. Dec. 3, 2015), and *Harrell v. Diamond A. Entm't, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997).

Defendant's alleged willfulness. Inquiries into the employee-employer relationship under the FLSA are fact intensive and require analyzing the circumstances of each case. *See Karlson*, 860 F.3d at 1092 (noting that a six factor test is applied to the factual circumstances of each case to determine if plaintiffs are employees under the FLSA); *and see Orozco*, 757 F.3d at 448 (5th Cir. 2014) (applying a multi-factor test to the distinct circumstances of a worker's relationship with a defendant to determine if that defendant is an employer under the FLSA). With each matter needing its own factual inquiry, the Court does not consider the mere existence of FLSA cases involving exotic dancers as sufficient to find that Defendant willfully committed the alleged FLSA violations. Therefore, evaluating the record in the light most favorable to Defendant, the Court cannot find that there is no genuine dispute that Defendant's alleged FLSA violations were willful. Accordingly, Plaintiffs' request for summary judgment on this issue must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 76) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that Plaintiffs were employees under the FLSA and AMWA for the time relevant to their claims. Plaintiffs' remaining requests for relief are denied.

**IT IS SO ORDERED**, this 4th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge