IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE,**                     **PLAINTIFFS**
**CHYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                  No. 6:20-cv-6145-SOH

**DALE E. KLOSS**                                                             **DEFENDANT**

## PLAINTIFFS' AMENDED PRETRIAL DISCLOSURE SHEET
## PURSUANT TO LOCAL RULE 26.2

COME NOW Plaintiffs Mattie Powell, Samantha Haynie, Chyenne Kimbrell, Alexandria Parker-Shipman, Lani Powell, Destiny Richardson, Tatiana Sandoval, Taylor Smith and Brianna Venable (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for their Amended Pretrial Disclosure Sheet do hereby state as follows:

      **1.**      **Identity of the party submitting information.**

Plaintiffs Mattie Powell, Samantha Haynie, Chyenne Kimbrell, Alexandria Parker-Shipman, Lani Powell, Destiny Richardson, Tatiana Sandoval, Taylor Smith and Brianna Venable (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC.

**2.     Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-0088, Facsimile: (888) 787-2040; Emails: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.     A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The FLSA and the AMWA require employers to pay employees a minimum wage for all hours worked and one and one-half times the employee's regular rate for all hours worked over forty per week. Plaintiffs allege that Defendant had a policy and practice of paying Dancers no hourly wage and only some of the tips they earned (with some of their tips required to be paid to the club, managers, and other employees), resulting in minimum wage and overtime violations. See Original Complaint, ECF No. 2 ¶¶ 59 64. Plaintiffs' alleged damages include minimum wages for all hours worked, overtime premiums for all hours worked over 40 each week, and an equal amount as liquidated damages.

**4.     Prospects for settlement.**

Plaintiffs remain willing to settle this matter and are hopefully Defendant will resume settlement talks.

**5.     The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FLSA, 29 U.S.C. § 201 *et seq*.  Therefore, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331.  This lawsuit also

alleges causes of action under the AMWA, which arise out of the same set of operative facts as the federal causes of action, and which would be expected to be tried with the federal claims in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiffs know of no outstanding objections to jurisdiction or venue.

**6.    A list of pending motions.**

None.

**7.    A concise summary of the facts.**

Plaintiffs were employed by Defendant as Dancers. Defendant operates a nightclub called "French Quarter" in Hot Springs, Arkansas. Plaintiffs were classified as independent contractors who were exempt from the overtime requirements of the FLSA. Plaintiffs primarily performed stage dances and lap dances on Defendant's premises.

The Defendant directly hired Plaintiffs and controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment. For example, Defendant set the prices for lap dances and private dances that the Plaintiffs performed. Further, Defendant determined Plaintiffs' pay scale for services without input or negotiations from the Plaintiff Dancers.

Plaintiffs were solely compensated by receiving tips from Defendant's customers. Plaintiffs were required to share their tips with the Defendant, managers, and other employees who didn't regularly receive tips. When Defendant determined Plaintiff

committed an "offense", Defendant would fine Plaintiffs. The tips the Plaintiffs received were the entirety of their pay.

**On March 4, 2024, the Court found that Plaintiffs were employees under the FLSA and AMWA.** ECF No. 92. As such, Defendant violated the FLSA and AMWA by not paying his employees for all the hours they worked. Therefore, based on the FLSA and AMWA, Defendant owes each Plaintiff all unpaid wages and unpaid overtime compensation plus liquidated damages and a reasonable attorney's fee and costs.

**8.      All proposed stipulations.**

　　A. Defendant is an individual and resident of Arkansas who is also known as "Duke" Kloss and "Doc" Kloss.

　　B. Defendant also does business as French Quarter or French Quarter Partners ("FQP").

　　C. Defendant qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

　　D. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

　　E. In the course of performing their work for Defendant, Plaintiffs regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

　　F. At all times relevant to this action, Defendant employed at least four individuals on a full-time basis.

    G. Defendant is subject to the provisions of the FLSA and AMWA.

    H. Plaintiffs anticipate that the Parties will be able to stipulate to the authenticity and admissibly of most or all exhibits.

**9.    The issues of fact expected to be contested.**

    A. Defendant's status as a principal, director, officer, and/or owner of FQP.

    B. Defendant's role in operating and managing FQP.

    C. Defendant's supervisory authority over Plaintiffs.

    D. Defendant's supervisory authority over the French Quarter nightclub.

    E. Plaintiffs' dates of employment and pay rates of each Plaintiff.

    F. The manner in which Plaintiffs were paid.

    G. The number of hours worked by each Plaintiff.

    H. The number of overtime hours each plaintiff worked each week.

    I. Defendant's knowledge of off-the-clock work by Plaintiffs.

    J. Whether Defendant kept accurate records concerning Plaintiffs' hours worked.

**10.    The issues of law expected to be contested.**

    A. Whether Defendant's failure to pay proper minimum and overtime wages was done in good faith and with a reasonable belief that Defendant was complying with the FLSA such that Defendant should be relieved from liability for liquidated damages.

    B. Whether Defendant's violations of the FLSA were willful, such that a three-year statute of limitations should apply.

    C. Plaintiffs' entitlement to damages.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer:

A. Time and pay records for Plaintiffs;

B. Excerpts from Plaintiffs' employee files; and

C. Damage calculations.

Plaintiffs may offer the following exhibits:

A. Any filed document of record by Defendant in this case;

B. Any filed document of record by Plaintiffs in this case;

C. Any and all documents exchanged by the Parties in this case; and

D. All exhibits listed in Defendant's Pretrial Disclosures.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call the following individuals as witnesses:

A. Named Plaintiff Mattie Powell;

B. Named Plaintiff Samantha Haynie;

C. Named Plaintiff Cheyenne Kimbrell;

D. Named Plaintiff Alexandria Parker-Shipman;

E. Named Plaintiff Lani Powell;

F. Named Plaintiff Destiny Richardson;

G. Named Plaintiff Tatiana Sandoval;

H. Named Plaintiff Taylor Smith;

I. Named Plaintiff Brianna Venable;

J. Opt-in Plaintiff Kiana Kidd;

K. Opt-in Plaintiff Zoie Ford;

L. Opt-in Plaintiff Makayla Briggs;

M. Opt-in Plaintiff T'Ziyah Fisher; and

N. Opt-in Plaintiff Tabatha Kunz.

Plaintiffs may call:

O. Any witnesses identified by Defendant in Defendant's pretrial disclosures.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery in this case is complete.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two days.

Respectfully submitted,

**MATTIE POWELL, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com