## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release ("Agreement") is entered into by and between Mattie Powell ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.    <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.    <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.    <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Six Thousand Four Hundred Twenty-Five Dollars and Eighty-Eight Cents** ($6,425.88). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.    A check in the amount of $3,212.94 made payable to Mattie Powell, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.    A check in the amount of $3,212.94 made payable to Mattie Powell, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

Doc ID: 3ac0cb5dd43c574c64f2b4cb7941b2f2df43a9c1

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 3ac0cb5dd43c574c64f2b4cb7941b2f2df43a9c1

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 3ac0cb5dd43c574c64f2b4cb7941b2f2df43a9c1

**PLAINTIFF**

*Matison Powell*

**Mattie Powell**

Date: 08 / 15 / 2024

**DEFENDANTS**

**Dale E. Kloss**

Date:

Doc ID: 3ac0cb5dd43c574c64f2b4cb7941b2f2df43a9c1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.    This Settlement Agreement and Release ("Agreement") is entered into by and between Alex Parker-Shipman ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.    <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.    <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.    <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Eight Thousand Dollars and Zero Cents** ($8,000.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.    A check in the amount of $4,000.00 made payable to Alex Parker-Shipman, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.    A check in the amount of $4,000.00 made payable to Alex Parker-Shipman, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.  <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.  <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.  <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.  <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.  <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

- 2 -

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.   Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.   This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: c405419bf659a97478b88e53c65e935be18980e8

**PLAINTIFF**

**DEFENDANTS**

*Alexandria Parker-Shipman*

**Alex Parker-Shipman**

**Dale E. Kloss**

Date: 08 / 19 / 2024

Date: _____

Doc ID: c405419bf659a97478b88e53c65e935be18980e8

## **SETTLEMENT AGREEMENT AND RELEASE**

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Brianna Venable ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **One Thousand Five Hundred Twenty-Four Dollars and Forty-Five Cents** ($2,896.34). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

a.      A check in the amount of $1,448.17 made payable to Brianna Venable, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

b.      A check in the amount of $1,448.17 made payable to Brianna Venable, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: e3e80540ff4d7bdb0232d3f0a4883d04a3ed1eee

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.     <u>Covenant Not to Sue</u>.   Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.     <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.     <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.     <u>Choice of Law</u>.   This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.     <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.     <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.     <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.     <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: e3e80540ff4d7bdb0232d3f0a4883d04a3ed1eee

**PLAINTIFF**

**DEFENDANTS**

**Brianna Venable**

**Dale E. Kloss**

Date: 08 / 20 / 2024

Date:

- 4 -

Doc ID: e3e80540ff4d7bdb0232d3f0a4883d04a3ed1eee

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Chyenne Kimbrell ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Five Thousand Five Hundred and Zero Cents** ($5,500.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

      a.      A check in the amount of $2,750.00 made payable to Chyenne Kimbrell, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

      b.      A check in the amount of $2,750.00 made payable to Chyenne Kimbrell, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 60d7b38a761849921df5358121976d6c6f32a268

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.   <u>Covenant Not to Sue</u>.   Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.   <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.   <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.   <u>Choice of Law</u>.   This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.   <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.   <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.   <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.   <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 60d7b38a761849921df5358121976d6c6f32a268

**PLAINTIFF**

*Chyenne Kimbrell*

**Chyenne Kimbrell**

Date: 08 / 21 / 2024

**DEFENDANTS**

**Dale E. Kloss**

Date: _____

- 4 -

Doc ID: 60d7b38a761849921df5358121976d6c6f32a268

# SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Destiny Richardson ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Eight Thousand Dollars and Zero Cents** ($8,000.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $4,000.00 made payable to Destiny Richardson, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $4,000.00 made payable to Destiny Richardson, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

Doc ID: 1a65d2e47d85190a2ba92aaccdc965f0e7ed874e

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 1a65d2e47d85190a2ba92aaccdc965f0e7ed874e

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 1a65d2e47d85190a2ba92aaccdc965f0e7ed874e

**PLAINTIFF**

**DEFENDANTS**

**Destiny Richardson**

**Dale E. Kloss**

Date: _08 / 15 / 2024_

Date: _____

- 4 -

Doc ID: 1a65d2e47d85190a2ba92aaccdc965f0e7ed874e

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Lani Powell ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Two Thousand Nine Hundred Twenty-Six Dollars and Fifty-One Cents** ($2,926.51). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

   a.      A check in the amount of $1,463.25 made payable to Lani Powell, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

   b.      A check in the amount of $1,463.26 made payable to Lani Powell, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 36a3a0a5bd49bc02056bdff3284b247450c6e6a8

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 36a3a0a5bd49bc02056bdff3284b247450c6e6a8

**PLAINTIFF**

**DEFENDANTS**

_Lani powell_

**Lani Powell**

**Dale E. Kloss**

Date: 08 / 19 / 2024

Date: _____

Doc ID: 36a3a0a5bd49bc02056bdff3284b247450c6e6a8

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Makayla Briggs ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **One Thousand Five Hundred Twenty-Four Dollars and Forty-Five Cents** ($2,896.34). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $1,448.17 made payable to Makayla Briggs, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $1,448.17 made payable to Makayla Briggs, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 004f943f3b7da437c9c6625ee60fbb57b3fdda68

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 004f943f3b7da437c9c6625ee60fbb57b3fdda68

**PLAINTIFF**

**DEFENDANTS**

_Makayla Briggs_

**Makayla Briggs**

**Dale E. Kloss**

Date: 08 / 20 / 2024

Date: _____

Doc ID: 004f943f3b7da437c9c6625ee60fbb57b3fdda68

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Samantha Haynie ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **One Thousand Two Hundred Forty-One Dollars and Forty-One Cents** ($1,241.41). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $620.70 made payable to Samantha Haynie, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $620.71 made payable to Samantha Haynie, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: c92aa4f8139222d0a7d4096cc5caf382e7288aee

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: c92aa4f8139222d0a7d4096cc5caf382e7288aee

**PLAINTIFF**                              **DEFENDANTS**

_____          _____
**Samantha Haynie**                       **Dale E. Kloss**

Date: ___08 / 20 / 2024___          Date: _____

- 4 -

Doc ID: c92aa4f8139222d0a7d4096cc5caf382e7288aee

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between T'Ziyah Fisher ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Five Thousand Five Hundred Dollars and Zero Cents** ($5,500.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $2,750.00 made payable to T'Ziyah Fisher less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $2,750.00 made payable to T'Ziyah Fisher, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.   <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.   <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.   <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.   <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.   <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 0c6c3078d3be107240a7fc58578632583a72cbeb

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10. <u>Covenant Not to Sue</u>. Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17. <u>Cooperation and Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 0c6c3078d3be107240a7fc58578632583a72cbeb

**PLAINTIFF**

*T'Ziyah Fisher*
_____
**T'Ziyah Fisher**

Date: 08 / 15 / 2024
_____

**DEFENDANTS**

_____
**Dale E. Kloss**

Date: _____

- 4 -

Doc ID: 0c6c3078d3be107240a7fc58578632583a72cbeb

# SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Tabatha Kunz ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **One Thousand Five Hundred Twenty-Four Dollars and Forty-Five Cents** ($2,896.34). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $1,448.17 made payable to Tabatha Kunz, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $1,448.17 made payable to Tabatha Kunz, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 7701a5e8ed82507e3f7dbe179f6abeb49fb626af

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 7701a5e8ed82507e3f7dbe179f6abeb49fb626af

**<u>PLAINTIFF</u>**

*Tabatha Kunz*

**Tabatha Kunz**

Date: 09 / 10 / 2024

**<u>DEFENDANTS</u>**

**Dale E. Kloss**

Date: _____

- 4 -

Doc ID: 7701a5e8ed82507e3f7dbe179f6abeb49fb626af

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Tatiana Sandoval ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.   On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.   Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.   In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Five Thousand Five Hundred Ninety-Six Dollars and Twenty Cents** ($5,596.20). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

a.      A check in the amount of $2,798.10 made payable to Tatiana Sandoval, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

b.      A check in the amount of $2,798.10 made payable to Tatiana Sandoval, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5. <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6. <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7. <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8. <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9. <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: 2bc3d5a04b7c62a6359655536ffb27f79ff69cf7

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 2bc3d5a04b7c62a6359655536ffb27f79ff69cf7

**PLAINTIFF**

**DEFENDANTS**

*Tatiana Bernal*

**Tatiana Sandoval**

**Dale E. Kloss**

Date: _08 / 16 / 2024_

Date: _____

Doc ID: 2bc3d5a04b7c62a6359655536ffb27f79ff69cf7

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Taylor Smith ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3.      <u>Non-Admission</u>.  Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **One Thousand Five Hundred Twenty-Four Dollars and Forty-Five Cents** ($1,524.45). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      A check in the amount of $762.22 made payable to Taylor Smith, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

> b.      A check in the amount of $762.23 made payable to Taylor Smith, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5.    <u>Time Period for Signing; Dismissal of Non-Signers</u>.  Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The

Doc ID: f6f0a6efad389c71540fd63375b945ce09ce3790

Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: f6f0a6efad389c71540fd63375b945ce09ce3790

**PLAINTIFF**                                    **DEFENDANTS**

*Taylor Smith*
_____                        _____
**Taylor Smith**                                 **Dale E. Kloss**

Date: 08 / 19 / 2024                             Date: _____
_____

- 4 -

Doc ID: f6f0a6efad389c71540fd63375b945ce09ce3790

## SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Zoie Ford ("Plaintiff") and Dale E. Kloss ("Defendant"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>. On December 8, 2020, Plaintiff filed the Civil Action, *Mattie Powell, et al. v. Dale Kloss,* No. 6:20-cv-6145-SOH in the United States District Court for the Western District of Arkansas (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper minimum wages and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In total, there are 14 plaintiffs in the Action, each of which will receive an individual Agreement.

3. <u>Non-Admission</u>. Defendant denies he or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. <u>Payments</u>. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Eight Thousand Dollars and Zero Cents** ($8,000.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

      a. A check in the amount of $4,000.00 made payable to Zoie Ford, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2. This payment will be due within fourteen (14) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

      b. A check in the amount of $4,000.00 made payable to Zoie Ford, without withholdings, representing claimed liquidated damages, for which Defendant will issue an IRS Form 1099. This payment will be due within one hundred and eighty (180) days after the Parties file a Joint Stipulation of Dismissal with Prejudice in the Action.

5. <u>Time Period for Signing; Dismissal of Non-Signers</u>. Plaintiff will be given until September 14, 2024, to execute this Agreement. Should Plaintiff fail to

Doc ID: 2b340e6a1b5360d46c5ff4e566989b260506446c

execute this Agreement by this date, the Parties will file a Joint Stipulation of Dismissal without Prejudice in the Action removing Plaintiff's claims from the Action.

6.    <u>Dismissal of Claims with Prejudice</u>.  On or before September 21, 2024, the Parties will file a Joint Stipulation of Dismissal with Prejudice in the Action. The Joint Stipulation of Dismissal will request that the Court leave open jurisdiction of the Action for one year following its filing for purposes of enforcing the terms of this Agreement, if necessary.

7.    <u>Plaintiff's Release of Claims</u>.  In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

8.    <u>Defendants' Release of Claims.</u>  The Defendants fully, finally, and forever release and discharge Plaintiff from any and all known or unknown causes, claims, or demands which they had, have, or may have had, related to Plaintiff's employment with the Defendants, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

9.    <u>Default</u>. Should Defendant fail to timely tender the payment set forth in Paragraph 3, the Firm is entitled to the entry of a consent judgment against Defendant and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed on the remaining payment pursuant to this Agreement. Further, the Plaintiffs and the Firm will be entitled to entry of the Consent Judgment attached hereto as **Appendix 1**, which encompasses this Agreement as well as each Plaintiff's individual agreement with Defendant. The Firm and Plaintiffs may elect or not elect to enter a consent judgment upon this default in their sole discretion.

Doc ID: 2b340e6a1b5360d46c5ff4e566989b260506446c

10.    <u>Covenant Not to Sue</u>.    Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11.    <u>Entire Agreement</u>.    This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.    This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

14.    <u>Waiver</u>.    Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.    The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.    The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 2b340e6a1b5360d46c5ff4e566989b260506446c

**PLAINTIFF**

**DEFENDANTS**

_____
**Zoie Ford**

_____
**Dale E. Kloss**

Date: 08 / 15 / 2024

Date: _____

Doc ID: 2b340e6a1b5360d46c5ff4e566989b260506446c