IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE CHEYENNE KIMBRELL, ALEXANDRIA PARKER-SHIPMAN, LANI POWELL, DESTINY RICHARDSON, TATIANA SANDOVAL, TAYLOR SMITH and BRIANNA VENABLE, Each Individually and on Behalf of Others Similarly Situated** **PLAINTIFFS**

vs. No. 6:20-cv-06145-SOH

**DALE E. KLOSS** **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT**

The parties have reached a settlement, and this case should be over. Defendant, however, refuses to honor the parties' agreement. When dismissing the case, this Court specifically retained jurisdiction to enforce the settlement. Plaintiffs respectfully ask this Court to reopen the case and order Defendant to carry out his obligations under the settlement contract.

**A. The Parties entered into a valid settlement agreement.**

Under Arkansas law, the elements of a contract are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008) (citing *Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003)). In examining the existence of a valid contract, courts must "keep in mind two legal principles." *Id.*, 289 S.W.3d at 470. First, "a court cannot make a contract for the parties but can only

**Page 1 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH**
**Brief in Support of Motion to Enforce Settlement**

construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract," and second, "it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators." *Id.*, 289 S.W.3d at 470 (citing *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005)).

All parties must manifest assent to the terms of the contract, which cannot be so vague as to be unenforceable. *Id.* (citing *Alltel Corp.*, 360 Ark. at 576, 203 S.W.3d at 80; *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008)). "Acceptance of a contract may be accomplished by words or conduct." *MDH Builders, Inc. v. Nabholz Constr. Corp.*, 70 Ark. App. 284, 17 S.W.3d 97, 100 (Ark. Ct. App. 2000). *Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641, 646 (Ark. 1995) (holding conduct manifested acceptance of a counteroffer).

Plaintiffs have established that they entered into a valid settlement agreement with Defendant. The settlement was reached after arms-length negotiations in which both parties were represented by legal counsel. Decl. of Sean Short ("Decl. Short") ¶ 4, attached as Ex. 1. The Settlement Agreement is supported by consideration, and the parties are mutually obligated under it. *Id.* at ¶ 5. It is likewise supported by mutual agreement: Plaintiffs manifested their agreement by executing the Settlement Agreement and Defendant manifested his agreement via his counsel's approval and the filing of the Joint Stipulation of Dismissal. *Id.* at ¶ 6. Accordingly, the parties are bound by a valid settlement agreement, and Plaintiffs now seek judgment against Defendant to enforce the terms.

**Page 2 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH**
**Brief in Support of Motion to Enforce Settlement**

**B. Defendant has not fulfilled his obligations under the settlement agreement.**

Under the terms of the Agreement, Defendant agreed to pay a total of $87,000.00 dispersed as follows: Defendant agreed to pay $31,000 to Plaintiffs in back wages, to be paid within 14 days of the parties' filing of a stipulation of dismissal, $31,000 to Plaintiffs as liquidated damages within 180 days of the parties' filing of a stipulation of dismissal, and $25,000 in attorneys' fees, to be paid within 360 days of the parties' filing of a stipulation of dismissal. Decl. Short ¶ 5, 7. See also, Settlement Agreements, attached as Ex. 3.

This case was dismissed on September 19, 2024, which under the above terms made Defendant's first payment due on October 3 and the second payment due March 18, 2025. Defendant has not made either of these payments and is in breach of the Settlement Agreement. Defendant's final payment is not due until September 14, but Plaintiff need not wait until Defendant has fully breached the Agreement before seeking enforcement of the terms he has already breached. This Court should reopen the case and enter an Order instructing Defendant to meet his obligations under the Parties' settlement agreement.

**C. Conclusion**

Plaintiffs respectfully request that the Court find that the parties have entered into a valid settlement agreement, reopen the case to enforce the settlement, and order Defendants to abide by the terms of the settlement contract.

**Page 3 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH**
**Brief in Support of Motion to Enforce Settlement**

Respectfully submitted,

**MATTIE POWELL, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 4 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH**
**Brief in Support of Motion to Enforce Settlement**