IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE**     **PLAINTIFFS**
**CHEYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of Others Similarly Situated**

vs.                 No. 6:20-cv-06145-SOH

**DALE E. KLOSS**                                           **DEFENDANT**

## SECOND MOTION TO ENFORCE SETTLEMENT

Plaintiffs, by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for their Second Motion to Enforce Settlement, state and allege as follows:

1. Plaintiffs filed their Original Complaint on December 8, 2020, against Defendant. ECF No. 1. Defendant, through representation, responded and the case proceeded through substantial motions practice, including conditional certification of a collective and summary judgment.

2. The parties reached a settlement in Spring of 2024. Defendant did not return a signed Settlement Agreement to Plaintiffs' counsel but indicated assent to all material terms through his counsel. Decl. of Sean Short ("Decl. Short") ¶ 6, attached as Ex. 1.

3. The parties filed their Joint Stipulation of Dismissal on September 18, 2024, and the Court dismissed the case on September 19. ECF No. 107. The Court

specifically retained jurisdiction to vacate the order of dismissal to enforce the settlement. *Id*.

4. Defendant failed to meet its first payment obligations under the Settlement Agreement, but remitted payment of $62,000, the full amount owed at that time, after Plaintiffs filed their first Motion to Enforce Settlement. See ECF Nos. 108, 113.

5. Defendant's final payment of $25,000 in attorney's fees was due on September 14. Decl. Short ¶ 9. To date, Defendant has not remitted this final payment.

6. When Plaintiffs' counsel conferred with Defendant's counsel regarding the status of the payment, Defendant's counsel stated that Defendant would not remit payment absent proof that the settlement funds paid to date were properly distributed to Plaintiffs.

7. Under the terms of the Settlement Agreement, payment of attorney's fees was not contingent on proof of payment to Plaintiffs, and Defendant may not enforce an inappropriate additional term prior to making payment.

8. Nonetheless, Plaintiffs' counsel has properly disbursed payment to Plaintiffs and maintains record proof of the same. Sharing this personal information with Defendant raises serious ethical concerns, but Plaintiffs' counsel will make the information available to the Court for *in camera* review should the Court determine such review is necessary.

9. Plaintiffs respectfully request an Order from this Court directing Defendant to remit the final payment of $25,000 that was due on September 14 under the terms of the Settlement Agreement.

WHEREFORE, premises considered, Plaintiffs pray that the Court reopen the

case; find that the parties have entered into a valid settlement agreement; order Defendant to abide by the terms of the settlement contract; and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**MATTIE POWELL, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com