IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE**                          **PLAINTIFFS**
**CHEYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of Others Similarly Situated**

vs.                          No. 6:20-cv-06145-SOH

**DALE E. KLOSS**                                            **DEFENDANT**

## DECLARATION OF SEAN SHORT

I, Sean Short, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Sean Short, and I am over the age of 18, and duly qualified to execute this Declaration.

2. I am licensed to practice law in all courts in the State of Arkansas, including this one.

3. I am the attorney for Plaintiffs Mattie Powell, Samantha Haynie, Cheyenne Kimbrell, Alexandria Parker-Shipman, Lani Powell, Destiny Richardson, Tatiana Sandoval, Taylor Smith and Brianna Venable, as well as the Opt-in Plaintiffs Zoie Ford, Makayla Briggs, T'Ziyah Fisher, and Tabatha Kunz (collectively "Plaintiffs").

4. I engaged in settlement negotiations with Defendant Dale E. Kloss ("Defendant") in the Spring of 2024 through Defendant's counsel Travis Morrissey of Morrissey Law Firm.

5. Through these negotiations, the parties were able to reach a settlement of all claims in this case. *See* Email thread, ECF No. 108-2; Plaintiffs' Settlement Agreements, ECF No. 108-3; Ex. 3, Settlement Agreement and Attorneys' Fees Contract. Defendant agreed to pay Plaintiffs a total of $87,000, $62,000 to Plaintiffs for back wages, and $25,000 to the Sanford Law Firm for attorney's fees and costs. *Id*.

6. Defendant did not return an executed Settlement Agreement, but Defendant's counsel approved the settlement agreement and signed off on the subsequent joint status reports and notices to the Court regarding the settlement. *See* Email thread, ECF Nos. 104, 106.

7. According to the Settlement Agreement terms, Defendant was required to pay half of the settlement amount ($31,000) to Plaintiffs within 14 days of the parties' filing of a stipulation of dismissal as back wages, to pay the remaining half of the settlement amount ($31,000) within 180 of the parties' filing of the stipulation of dismissal as liquidated damages, and to pay the agreed attorneys' fees ($25,000) within 360 days of the parties' filing of the stipulation of dismissal. *See* Settlement Agreements.

8. After failing to make the first two payments, Plaintiffs filed a Motion to Enforce the Settlement Agreement. ECF No. 108. After responding, Defendant remitted payment of $62,000, which was the full amount owed at that time, prior to the Court's ruling on the issue. *See* ECF No. 113. The Sanford Law Firm duly distributed payment to Plaintiffs.

9. Defendant's final payment of $25,000 in attorney's fees was due on September 14. Defendant has not remitted the final payment.

10. On October 7, I inquired through Defendant's counsel as to the status of the final payment. *See* Email Exchange, attached as Ex. 2. Defendant's counsel informed me that Defendant received "reports" that Plaintiffs had not been paid and requested proof that the $62,000 had been properly dispersed.

11. The Settlement Agreement does not contain a term stating that payment of attorney's fees is contingent on proof of payment to Plaintiffs. We did not agree to any such term and no term exists within the Agreement.

12. Following Defendant's inappropriate attempt to post hoc alter the terms of the Settlement Agreement, the Sanford Law Firm has verified that all settlement payments have been negotiated by Plaintiffs. However, based on Defendant's unsubtle tactical gamesmanship to date in this case, I am hesitant to share personal banking information, both Plaintiffs' and the Sanford Law Firm's, with Defendant, and I believe that doing so could potentially violate my ethical duty to Plaintiffs.

13. Plaintiffs and the Sanford Law Firm have fully performed their obligations under the Settlement Agreement and Defendant has no valid excuse for failing to make the final payment.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 10th November, 2025.

*/s/ Sean Short*
**SEAN SHORT**