IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MATTIE POWELL, SAMANTHA HAYNIE**                              **PLAINTIFFS**
**CHEYENNE KIMBRELL, ALEXANDRIA**
**PARKER-SHIPMAN, LANI POWELL,**
**DESTINY RICHARDSON, TATIANA**
**SANDOVAL, TAYLOR SMITH and BRIANNA**
**VENABLE, Each Individually and on**
**Behalf of Others Similarly Situated**

vs.                         No. 6:20-cv-06145-SOH

**DALE E. KLOSS**                                                                 **DEFENDANT**

## BRIEF IN SUPPORT OF SECOND MOTION TO ENFORCE SETTLEMENT

As stated in Plaintiffs' first Motion to Enforce Settlement, this case should be over. Defendant, however, *still* refuses to honor the parties' agreement without a Court order. When notifying the Court that Defendant had finally remitted the first payments under the Settlement Agreement, Plaintiffs specifically reserved their right to seek Court enforcement of the final payment of $25,000 in attorney's fees. Because Defendant has not met this final obligation under the Agreement and now seeks to impose an unnegotiated and inappropriate condition to payment, Plaintiffs again seek a Court order directing Defendant to carry out his obligations under the Agreement.

**A.**      **The Parties entered into a valid settlement agreement.**

Under Arkansas law, the elements of a contract are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470

Page 1 of 4
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH
Brief in Support of Second Motion to Enforce Settlement

(2008) (citing *Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003)). In examining the existence of a valid contract, courts must "keep in mind two legal principles." *Id.*, 289 S.W.3d at 470. First, "a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract," and second, "it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators." *Id.*, 289 S.W.3d at 470 (citing *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005)).

All parties must manifest assent to the terms of the contract, which cannot be so vague as to be unenforceable. *Id.* (citing *Alltel Corp.*, 360 Ark. at 576, 203 S.W.3d at 80; *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008)). "Acceptance of a contract may be accomplished by words or conduct." *MDH Builders, Inc. v. Nabholz Constr. Corp.*, 70 Ark. App. 284, 17 S.W.3d 97, 100 (Ark. Ct. App. 2000). *Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641, 646 (Ark. 1995) (holding conduct manifested acceptance of a counteroffer).

Plaintiffs have established that they entered into a valid settlement agreement with Defendant. The settlement was reached after arms-length negotiations in which both parties were represented by legal counsel. Decl. of Sean Short ("Decl. Short") ¶ 4, attached as Ex. 1. The Settlement Agreement is supported by consideration, and the parties are mutually obligated under it. *Id.* at ¶ 5. It is likewise supported by mutual agreement: Plaintiffs manifested their agreement by executing the Settlement Agreement and Defendant manifested his agreement via his counsel's approval and the filing of the Joint Stipulation of Dismissal. *Id.* at ¶ 6. Accordingly, the parties are bound

Page 2 of 4
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH
Brief in Support of Second Motion to Enforce Settlement

by a valid settlement agreement, and Plaintiffs now seek judgment against Defendant to enforce the terms.

**B.    Defendant may not enforce a post hoc condition on fulfilling his obligations under the Agreement.**

The Plaintiffs' Settlement Agreements, filed at ECF No. 108-3, and the Attorneys' Fees Contract, attached hereto as Ex. 3, together contain the full and complete negotiated terms of the Settlement. No Agreement contains any provision requiring Plaintiffs' Counsel to provide proof of proper disbursement of settlement payments before Defendant is required to make the final installment of attorney's fees. Defendant is imposing an unnegotiated condition on his obligations under the Agreement after Plaintiffs have fully performed their obligations. Accordingly, this condition is unenforceable because there was no mutual agreement as to its imposition.

Moreover, Plaintiffs' Counsel cannot ethically meet Defendant's demand because it would require counsel to reveal Plaintiffs' personal banking information, which would violate Arkansas Rule of Professional Conduct 1.6.[1] Nor are other means of providing "proof" of proper payment tenable under the circumstances. While Plaintiffs' Counsel could provide affidavits confirming payment, the process of writing, verifying, and obtaining signatures on affidavits on behalf of nine Plaintiffs is time and labor intensive. Plaintiffs' Counsel should not be required to expend that labor and eat the cost to meet Defendant's unenforceable demand. Particularly because, given Defendant's unscrupulous tactics throughout this case, it is likely that Defendant's demand for proof of payment is a simple delay tactic on meeting his obligations rather than a genuine

---

[1] Plaintiffs' Counsel has bank records proving that Plaintiffs have received and deposited their funds, which can be provided to the Court for *in camera* review.

Page 3 of 4
Mattie Powell, et al. v. Dale E. Kloss
U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH
**Brief in Support of Second Motion to Enforce Settlement**

concern over proper disbursement.

**C.    Conclusion**

Plaintiffs respectfully request that the Court enter an Order directing Defendant to remit his final payment under the Settlement Agreement.

          Respectfully submitted,

          **MATTIE POWELL, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Pkwy, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          Sean Short
          Ark. Bar No. 2015079
          sean@sanfordlawfirm.com

          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawfirm.com

**Page 4 of 4**
**Mattie Powell, et al. v. Dale E. Kloss**
**U.S.D.C. (W.D. Ark.) Case No. 6:20-cv-06145-SOH**
**Brief in Support of Second Motion to Enforce Settlement**